**JOHNSTON, Appellant,**

v.

**MIAMI VALLEY HOSPITAL, Appellee, et al.** ▮

[Cite as *Johnston v. Miami Valley Hosp.* (1989), 61 Ohio App.3d 81.]

Court of Appeals of Ohio,
Montgomery County.

No. 11181.

Decided Feb. 23, 1989.

*Brannon, Hall & Tucker* and *Michael L. Tucker*, for appellant.

*Young, Pryor, Lynn & Jerardi* and *Larry A. Smith,* for appellee Miami Valley Hospital.

*Bieser, Greer & Landis* and *Howard P. Krisher,* for Thomas Dodson.

---

BROGAN, Judge.

Appellant, Joan Johnston, appeals from a dismissal of her claims against Miami Valley Hospital ("MVH") and Thomas Dodson ("Dodson").

In her complaint and amended complaint, appellant alleged that on June 14, 1986, while a patient at MVH, she was physically forced by another patient, Dodson, to leave her hospital room and to accompany him to the third floor lobby. Appellant claims that as a result of this incident, she suffers from post-traumatic stress syndrome. Appellant further alleged that MVH either knew or should have known that Dodson had a history of mental illness and negligently permitted Dodson access to appellant's hospital room.

On May 13, 1988, a default judgment was entered against Dodson, who is not a party to this appeal.

MVH moved for a protective order on November 30, 1987, in response to appellant's request for production of documents whereby appellant requested the medical records concerning Dodson. MVH claimed that the physician-patient privilege prevented the discovery of these documents.

On June 2, 1988 the deposition of Dodson was taken. During the cross-examination, Dodson was instructed by his counsel to refrain from answering a number of questions pertaining to his medical history. Counsel indicated that the basis of Dodson's refusal to answer was the physician-patient privilege and Dodson's right to confidentiality pursuant to R.C. 2317.02(B).

Appellant moved to compel MVH to produce Dodson's medical records on June 24, 1988. On August 24, 1988, the trial court overruled this motion.

A hearing upon the issue of MVH's refusal to produce Dodson's medical records based upon the physician-patient privilege was held on August 25, 1988. Counsel for appellant stated that although he had retained an expert physician, the physician could not render an opinion regarding the negligence of MVH without having reviewed Dodson's medical record. Therefore, appellant was unable to "go forward * * *, prevail * * * [or] even present a case against Miami Valley Hospital at this time."

The trial court, after having reviewed *in camera* Dodson's medical records as they related to the incident on June 14, 1986, stated that the information sought by appellant was protected by the physician-patient privilege. An entry of dismissal of appellant's complaint against MVH was filed on August

31, 1988, citing appellant's admission that she could not go forward without the medical records protected by the physician-patient privilege.

It is from this dismissal that appellant now appeals.

Appellant's sole assignment of error states:

"The lower court erred in ruling that O.R.C. § 2317.02(B) sanctions the refusal of a hospital to reveal medical records in the possession of the hospital when such records are vital to a litigant's claim that she, while a patient at the hospital, was injured by the hospital's negligence in allowing mentally disturbed and dangerous fellow patient access to the litigant."

The physician-patient privilege relied upon by appellee, MVH, is set forth in R.C. 2317.02 as follows:

"The following persons shall not testify in certain aspects:

" * * *

"(B)(1) A physician or a dentist concerning a communication made to him by his patient in that relation or his advice to his patient, except as otherwise provided in this division and division (B)(2) of this section, and except that, if the patient is deemed by section 2151.421 of the Revised Code to have waived any testimonial privilege under this division, the physician may be compelled to testify on the same subject.

" * * *

"(3) As used in divisions (B)(1) and (2) of this section, 'communication' means acquiring, recording, or transmitting any information, in any manner, *concerning any facts, opinions, or statements necessary to enable a physician or dentist to diagnose, treat, prescribe, or act for a patient. A 'communication' may include, but is not limited to, any medical or dental, office, or hospital communication such as a record, chart, letter, memorandum, laboratory test and results, x-ray, photograph, financial statement, diagnosis, or prognosis.*

"(4) Divisions (B)(1), (2), and (3) of this section apply to doctors of medicine, doctors of osteopathic medicine, doctors of podiatric medicine, and dentists." (Emphasis added.)

█ The record contains not only the determination of the trial court that the information sought by appellant is protected by the physician-patient privilege, but appellant's admission that Dodson's medical record is privileged information. However, appellant argues that in this case, public policy dictates that the physician-patient privilege must yield to appellant's interest in prosecuting her claim against MVH. Appellant bases this argument upon the "special relation doctrine," whereby it is contended that MVH owed

appellant the duty of protection from those patients known by MVH to have the propensity to cause harm to other patients.

It is necessary for appellant to prove that a "special relation" existed between MVH and Dodson. This is true because:

"[T]here is no duty under Ohio law to control the conduct of another person so as to prevent him from causing physical harm to another unless a 'special relation' exists between the actor and that person which imposes a duty upon the actor to control the person's conduct. 2 Restatement of the Law 2d, Torts (1965) 122, Section 315 * * *. Such a 'special relation' exists when one takes charge of a person whom he knows or should know is likely to cause bodily harm to others if not controlled. Restatement, *supra*, at 129, Section 319 * * *." *Littleton v. Good Samaritan Hosp.* (1988), 39 Ohio St.3d 86, 92, 529 N.E.2d 449, 455.

Appellant contends that it cannot be established "that [MVH] had a special relation with Mr. Dodson * * * unless Plaintiffs have access to Mr. Dodson's medical record * * *." In other words, it would seem that appellant must have access to privileged medical records in order to determine whether a special relation existed. If a special relation between Dodson and MVH existed, appellant argues public policy would dictate that appellant be permitted to examine the privileged information. This court cannot accept such circular reasoning to justify an exception to the physician-patient privilege. Appellant must first establish, through discoverable information, that a special relation existed between Dodson and MVH before this court may consider the issue of whether public policy mandates an exception to the physician-patient privilege under the instant facts.

In *Weis v. Weis* (1947), 147 Ohio St. 416, 34 O.O. 350, 72 N.E.2d 245, the Ohio Supreme Court held that where hospital records include communications between the patient and his physician, such portions are, in the absence of waiver of the privilege, inadmissible in evidence by virtue of the express provisions of the General Code. In *Weis*, the court held a nurse is not included among those named in the statute governing privileged communications. Hence communications made to her in the performance of her duties are not privileged. The court noted if the privilege is to be extended to nurses who are not physicians, the change must be made by the General Assembly.

■ R.C. 2317.02(B)(3) defines "communication" broadly to cover the acquisition by the physician of any facts, opinions, or statements found in a hospital record necessary to enable a physician to diagnose, treat, prescribe, or act for a patient. This would clearly cover notations made by a nurse in the "nurses' notes" portions of a hospital record. For example, if a nurse observed a psychiatric patient exhibiting bizarre or violent behavior, she would appropri-

ately note such behavior in the medical records or charts for the patient. Such behavior may be important for the physician to know in order to properly diagnose and treat the patient. Such information may be as important as laboratory test results in a non-psychiatric patient. Since nurses often spend more time than physicians with hospital patients, their notes often comprise the bulk of the hospital record. It is our reading of the present statute that such notes are privileged under the statute as they are included within the statutory definition of "communication."

Courts have consistently rejected attempts by physicians or hospitals to assert a patient's privilege to hide their own "criminal" wrongdoing. See *In re Grand Jury Proceeding* (1982), 56 N.Y.2d 348, 452 N.Y.Supp.2d 361, 437 N.E.2d 1118 (rejecting hospital's claim of physician-patient privilege during grand jury investigation of possible crimes committed by hospital staff against patients); *People v. Doe* (Sup.Ct.1981), 107 Misc.2d 605, 435 N.Y.Supp.2d 656 (grand jury investigation of Medicaid fraud).

In Ohio, several appellate decisions have rejected application of physician-patient privilege to hospital records of persons charged or suspected of driving while intoxicated. See *State v. Dress* (1982), 10 Ohio App.3d 258, 10 OBR 372, 461 N.E.2d 1312; *State v. Kavlich* (1986), 33 Ohio App.3d 240, 515 N.E.2d 652; *State v. Tu* (1984), 17 Ohio App.3d 159, 17 OBR 291, 478 N.E.2d 830. These courts generally held the overriding public policy favoring the sensible and effective enforcement of R.C. 4511.19 far outweighed the limited purpose and considerations supporting Ohio's physician-patient privilege. See *State v. Tu, supra,* at 163, 17 OBR at 294–295, 478 N.E.2d at 833–834.

Appellant asks us to extend these rulings to his "civil" proceeding against the appellee hospital in the interest of public policy. We are not prepared to do so. Appellant must look to the legislature for the relief she seeks. The assignment of error is overruled.

The judgment of the trial court will be affirmed.

*Judgment affirmed.*

WILSON and GRADY, JJ., concur.