The STATE of Ohio, Appellee,

v.

CHERUKURI, Appellant.

[Cite as *State v. Cherukuri* (1992), 79 Ohio App.3d 228.]

Court of Appeals of Ohio,
Lake County.

No. 91–L–044.

Decided April 13, 1992.

*Steven C. LaTourette,* Lake County Prosecuting Attorney, for appellee.

*Albert L. Purola,* for appellant.

NADER, Judge.

This appeal is from the trial court's judgment upon the jury verdict finding appellant, Sagar Cherukuri, guilty on four counts: involuntary manslaughter, R.C. 2903.04; aggravated vehicular homicide, R.C. 2903.06; driving under the influence, R.C. 4511.19; and driving left of center, R.C. 4511.29.

On New Year's Eve, December 31, 1989, appellant and three of his friends rented a limousine and traveled to the Flats in Cleveland, Ohio. After visiting several bars, they returned to the city of Wickliffe and visited an establishment known as the Glass Parrot. When the bar closed, appellant invited Debora Linkous to join them. The limousine returned them to the home of one of appellant's friends, from where appellant, accompanied by Linkous, drove off in his car.

At approximately 2:45 a.m. on State Route 91, not far from the home where the limousine had dropped off appellant and his friends, appellant's white BMW crossed the median into the path of an automobile driven by Alicia Banker. The occupants of both autos were taken to Lake West Hospital. Linkous died from the injuries she sustained in the accident.

On January 24, 1990, the grand jury returned a five-count indictment against appellant to the Lake County Court of Common Pleas. On April 18, 1990, appellant filed a motion to suppress (1) any statement made to the police, or personnel from the hospital and fire department, and (2) any results or opinions of the alcohol content of appellant's blood or other bodily fluids. After a hearing, appellant's motion was denied on May 18, 1990. On May 21, 1990, appellant filed a motion *in limine* "prohibiting the prosecutor from making any reference to * * * the blood alcohol content of the defendant * * *." Appellant argued that the hospital records and test results were inadmissible as privileged communications. The same day the trial court granted appellant's motion.

On December 17, 1990, appellant filed a motion *in limine*, requesting an order prohibiting the introduction of "any evidence from any witness including fire rescue personnel or hospital personnel relating to the alleged odor of 'alcohol' contained in the vomitus of Sagar Cherukuri * * *." On the same day, the trial court denied appellant's motion.

The matter proceeded to trial and without objection four nurses from Lake West Hospital testified concerning a strong odor of alcohol about appellant's person and vomitus. The jury returned a verdict of guilty on all counts. The trial court merged counts one and two, involuntary manslaughter and aggravated vehicular homicide, as allied offenses and sentenced appellant to an indefinite term of three to ten years. On count three, driving under the

influence, appellant was sentenced to six months to be served concurrently and fined $1,000. On count four, left of center, appellant was fined $100.

It is from this conviction that appellant now appeals, raising the following assignment of error:

"The trial court erred in permitting witnesses Hughes, Freiberg, Conant and Riegel to testify against Sagar Cherukuri's claim of privilege."

Appellant asserts that the prosecution merely attempted to avoid the trial court's preliminary exclusion of the blood-alcohol test results by offering the testimony of four nurses instead. Appellant argues that the nurses' observations also fall under the asserted physician-patient privilege.

*State v. Post* (1987), 32 Ohio St.3d 380, 385, 513 N.E.2d 754, 760, extended the attorney-client privilege to a polygraph expert acting as the attorney's agent. Arguably *Post* would extend the physician-patient privilege to nurses acting as an agent for the doctor in the treatment of appellant. But, see, *Weis v. Weis* (1947), 147 Ohio St. 416, 34 O.O. 350, 72 N.E.2d 245, at paragraph four of the syllabus; and *Doe v. Univ. of Cincinnati* (1988), 42 Ohio App.3d 227, 230, 538 N.E.2d 419, 422–423. *Weis* held that a nurse was not among those named in the statute. Since the privilege was in derogation of the common law, the statute must be strictly construed to limit the privilege to only those persons named therein. *Weis* stated that any extension of the statute to nurses must be accomplished through the legislature.

R.C. 2317.02(B)(3), which codifies privileged communications and acts, in part, defines "communication" as follows:

"acquiring * * * any information, in any manner, concerning any facts, * * * necessary to enable a physician * * * to * * * treat * * * a patient."

*State v. Smorgala* (1990), 50 Ohio St.3d 222, 223, 553 N.E.2d 672, 674, at fn. 1 indicates that the prior case law, *State v. Dress* (1982), 10 Ohio App.3d 258, 10 OBR 372, 461 N.E.2d 1312; and *Baker v. Indus. Comm.* (1939), 135 Ohio St. 491, 14 O.O. 392, 21 N.E.2d 593, which interpreted communications to include physical observations, has been codified by R.C. 2317.02(B). Accordingly it may be consistent with R.C. 2317.02(B)(3) to state that detecting the presence of alcohol in appellant's system was necessary to his treatment.

Recent appellate decisions have interpreted the language of the statute to include certain information acquired by a nurse in the performance of her duties, if the acquisition were intended to assist the physician in the treatment or diagnosis of the patient. See *Johnson v. Miami Valley Hosp.* (1989), 61 Ohio App.3d 81, 84–85, 572 N.E.2d 169, 171–172; and *State v. Kabeller* (Dec. 20, 1990), Franklin App. No. 90AP–53, unreported, at 3–5, 1990 WL 210736.

The observations of two of the nurses *may* fall within the analysis of *Johnson* and *Kabeller* as the record does not indicate whether their observations, concerning the odor of alcohol, were revealed to a physician responsible for the treatment of appellant. Regarding the testimony of Nurse Conant and Nurse Riegel, their observations *may not* be related to the treatment of appellant. Nurse Conant had little contact with appellant, and was not assigned to his care. When Nurse Riegel arrived at the trauma area, appellant already had two IV's going and an oxygen mask on his face. The decision, to insert the nasogastric tube to induce vomiting, was based on the location of appellant's injuries, and did not result from any detection of alcohol. The detection of the odor of alcohol during the cleaning of appellant's emesis does not appear from the record to have any relationship to the treatment or diagnosis of appellant.

■ However, this court is not faced with determining whether the testimony of the nurses falls within the scope of the physician-patient privilege, as any error was waived by appellant's failure to object at trial. Appellant's motion to suppress, which was denied, did not assert any privilege, nor can the language of the motion be read broadly enough to include the assertion that an opinion as to the odor of alcohol is privileged. (The motion requested the suppression of only statements and test results.) Instead, the motion argued that the statements were involuntary and obtained as a result of an illegal arrest which lacked probable cause. Afterward, appellant cannot assert that the motion to suppress should have been granted on the grounds of privilege. To do so violates the requirements of Crim.R. 47, which mandates that all motions "state with particularity the grounds upon which it is made." See, also, *Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 219, 524 N.E.2d 889, 892.

The first motion *in limine*, which the trial court granted, prayed for the exclusion of any discussion of the blood-alcohol content of appellant. The language of this motion *may* be read broadly enough to exclude testimony concerning the odor of alcohol from appellant's emesis.

■ However, the granting of a motion *in limine* is only a preliminary, interlocutory order. It does not determine the admissibility of evidence at trial. When a motion is sustained, the losing party should proffer the evidence at trial for a determination by the trial court from the total circumstances. See *State v. Maurer* (1984), 15 Ohio St.3d 239, 259–260, 15 OBR 379, 396–397, 473 N.E.2d 768, 788, at fn. 14, citing Palmer, Ohio Rules of Evidence, Rules Manual (1984) 446:

"An appellate court need not review the propriety of such an order unless the claimed error is preserved by objection, proffer, or ruling on the record when the issue is actually reached and the context is developed at trial." *Id.*

■ If appellant believed the testimony of the nurses was in violation of the motion *in limine,* he should have objected at trial. The fact that the prosecution did not proffer the evidence, but instead merely put forth the testimony, under these facts will not alter the result.

While appellant did move for the exclusion of any evidence from rescue workers and hospital personnel concerning the odor of alcohol in his second motion *in limine,* this was denied. *State v. Brown* (1988), 38 Ohio St.3d 305, 528 N.E.2d 523, paragraph three of the syllabus, states:

"A denial of a motion *in limine* does not preserve error for review. A proper objection must be raised at trial to preserve error." See, also, *Defiance v. Kretz* (1991), 60 Ohio St.3d 1, 4, 573 N.E.2d 32, 34–35.

Further, if appellant believed that the testimony was being admitted contrary to an asserted physician-patient privilege, he was obligated by Evid.R. 103(A)(1) to make an objection at trial. Failing to object, appellant waived any possible error.

■ At oral argument, appellant argued that his motion for new trial under Crim.R. 33(A)(5), errors of law occurring at trial, cured his failure to timely object. Appellant asserted this argument without any supporting authority. In the absence of opposing authority, it is sufficient to state that appellant's argument contradicts the requirement of a timely objection, nullifies the need for competent representation at trial, and possibly renders meaningless the countless hours spent at trial.

Additional authority supporting this court's position may be found by reading Crim.R. 33(A)(5) in conjunction with Crim.R. 33(E)(3), which states:

"No motion for a new trial shall be granted or verdict set aside, nor shall any judgment of conviction be reversed in any court because of:

"* * *

"The admission or rejection of any evidence offered against or for the defendant, unless the defendant was or may have been prejudiced thereby[.]"

In light of appellant's failure to object at trial, he will be unable to demonstrate that he was prejudiced, as required by Crim.R. 33(E)(3), unless plain error has occurred.

*State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph three of the syllabus, states:

"Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." (Cited with approval in *State v. Sneed* [1992], 63 Ohio St.3d 3, 584 N.E.2d 1160.)

■ The testimony of the nurses, concerning the odor of alcohol emitting from appellant's emesis, does not so clearly fall within the physician-patient privilege that its admission would result in plain error.

■ Moreover, any error that may have resulted was merely harmless due to the overwhelming evidence of guilt. The passenger of the other vehicle testified that there was a strong odor of alcohol inside appellant's BMW. The driver of the other vehicle testified that due to the road conditions she was traveling at only thirty-five to forty miles per hour.

An officer who responded to the accident testified that the road condition was ice and snow. A second officer testified to a strong odor of alcohol, to the presence of three empty bottles of champagne, and that appellant admitted consuming five glasses of champagne. There was evidence that appellant's car crossed the median into the southbound lane of traffic, and the accident reconstruction expert testified that appellant was traveling at a minimum of sixty-one mph in a fifty mph zone. There was sufficient evidence to convict appellant of DUI without the testimony of the nurses, and the convictions on the remaining charges are well supported absent any evidence of appellant's consumption of alcohol. Accordingly, appellant's assignment of error is without merit.

Based upon the forgoing analysis, the decision of the trial court is hereby affirmed.

*Judgment affirmed.*

CHRISTLEY, P.J., and JOSEPH E. MAHONEY, J., concur.