**HODGE, Appellant,**

v.

**CHEEK et al., Appellees.**

[Cite as *Hodge v. Cheek* (1989), 64 Ohio App.3d 296.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–206.
Decided Sept. 14, 1989.

*Jerry Silverstein,* for appellant.

*Jacobson, Maynard, Tuschman & Kalur Co., L.P.A., Daniel J. White* and *Janis L. Small,* for appellees.

---

WHITESIDE, Judge.

Plaintiff, Emma J. Hodge, appeals the judgment of the Franklin County Municipal Court dismissing her complaint and raises the following assignments of error:

"1. The trial court erred in dismissing the plaintiff's complaint since Ohio R.C. Sec. 2743.02 [*sic*] is unconstitutional, in whole or in part, under both the Ohio and Federal Constitution, as violative of the appellant's rights to due process and equal protection, as it improperly establishes an insurmountable burden upon an unconscious plaintiff by requiring such plaintiff to obtain an affidavit of merit regarding the cause of action. based on the facts of the injury, when the facts of the injury are unknown and cannot be reasonably learned without discovery.

"2. The trial court erred in dismissing the plaintiff's complaint since Ohio R.C. Sec. 2743.02 [*sic*] is unconstitutional, in whole or in part, under both the Ohio and Federal Constitution, as violative of the appellant's due process and equal protection rights, as it improperly discriminates against and fails to protect the rights of a plaintiff who may have limited or insufficient funds to comply with the requirement of obtaining an expert before the completion of the discovery process.

"3. The trial court erred in dismissing the plaintiff's complaint since Ohio R.C. Sec. 2743.02 [*sic*] is unconstitutional, in whole or in part, under the Ohio Constitution's modern courts amendment, as the legislature is precluded from creating procedural rules in conflict with the Ohio Rules of Civil Procedure."

Plaintiff filed a complaint in the Franklin County Municipal Court alleging that defendant, John A. Cheek, D.D.S., negligently broke one of plaintiff's teeth while he was performing oral surgery upon plaintiff. As a result of this action, plaintiff alleges that she required a replacement tooth and that she further suffered pain and emotional embarrassment.

Defendants filed a motion to dismiss contending that the trial court did not have subject-matter jurisdiction as plaintiff did not attach an affidavit of merit to her complaint as required by R.C. 2307.42.[1] Plaintiff responded contending

---

1. Although the assignments of error refer to R.C. 2743.02, the body of the brief refers to R.C. 2307.42, which is the statute claimed to be unconstitutional.

that R.C. 2307.42 is unconstitutional in that it denies plaintiff equal protection and due process. The trial court, by a one-line entry, dismissed plaintiff's complaint. Plaintiff has timely appealed.

Plaintiff's three assignments of error will be discussed together as they raise three interrelated constitutional contentions. R.C. 2307.42 provides the mechanism by which a plaintiff alleging a medical malpractice claim must initiate the suit and, in pertinent part, states:

"(B) A municipal court, county court, or court of common pleas, or the court of claims, shall have jurisdiction to hear and determine an action upon a * * * dental * * * claim only if the complaint or other pleading that sets forth the claim is supported by documentation as required by and described in division (C) of this section.

"(C)(1) The complaint or other pleading that sets forth a * * * dental * * * claim shall be accompanied by one of the following types of supporting documentation:

"(a)(i) An affidavit of the claimant's attorney or, if the claimant is not represented by an attorney, of the claimant that states that the affiant has consulted with and reviewed the facts of the matter involved with a * * * dentist if a dental claim is involved * * * with appropriate qualifications to render an opinion who the affiant reasonably believes is knowledgeable regarding the issues involved in the particular claim and is competent pursuant to the Rules of Evidence to testify on the claim; that after the consultation and review of the facts and relevant * * * dental * * * records and other materials, the reviewing * * * dentist * * * or other consultant has determined that there is reasonable cause for the commencement of an action upon the claim against each defendant; and that on the basis of the review and consultation, the affiant has concluded that there is reasonable cause for the commencement of an action upon the claim against each defendant."

As stated in division (B), the filing of an affidavit with the complaint is a procedural prerequisite to the trial court's exercise of its jurisdiction with respect to the action.

Plaintiff, in her brief, initially notes that she is not contending that the affidavit should not be required. Rather, plaintiff contends, in her first assignment of error, that requiring such an affidavit at the filing of the complaint denies her equal protection under the law and due process of the law.

A statute will be presumed to be constitutional and valid until it is demonstrated otherwise. See *State, ex rel. Dickman, v. Defenbacher* (1955), 164 Ohio St. 142, 57 O.O. 134, 128 N.E.2d 59, paragraph one of the syllabus.

Furthermore, the burden of overcoming this presumption is upon the one alleging that the enactment is unconstitutional. See *State, ex rel. Ohio Hair Products Co., v. Rendigs* (1918), 98 Ohio St. 251, 257, 120 N.E. 836, 837–838.

■ Both plaintiff and defendants concur that the appropriate test to be used in determining plaintiff's constitutional challenges of equal protectin and due process is whether R.C. 2307.42 is rationally related to a legitimate governmental interest. The parties are correct as no fundamental right requiring a stricter standard, such as strict judicial scrutiny, is at issue. See *Beatty v. Akron City Hosp.* (1981), 67 Ohio St.2d 483, 492, 21 O.O.3d 302, 307, 424 N.E.2d 586, 592.

As the court stated in *Beatty*, at 493, 21 O.O.3d at 308, 424 N.E.2d at 592:

"Under the traditional test of equal protection, unequal treatment of classes of persons by a state is valid if the state can show that a rational basis exists for the inequity. Ordinarily, under the rational basis requirement, any classification based 'upon a state of facts that reasonably can be conceived to constitute a distinction, or differences, in state policy * * * ' will be upheld. *Allied Stores of Ohio v. Bowers* (1959), 358 U.S. 522, 530 [79 S.Ct. 437, 443, 3 L.Ed.2d 480, 487, 9 O.O.2d 321, 326]."

In other words, if reasonable minds can differ as to the relationship between the classification and the governmental interest, the statute is rationally related so long as the governmental interest is legitimate.

■ The Ohio Supreme Court has previously considered the issue of whether differing treatment for medical malpractice plaintiffs is warranted and concluded that it is. In *Beatty, supra,* the court recognized the legitimate governmental interest of keeping health care costs reasonable. Another well-founded governmental interest involves reducing the number of frivolous claims, while opening the courts to legitimate ones and allowing *bona fide* plaintiffs an effective and efficient means of litigating those claims. Therefore, there exists a rational basis for treating medical malpractice plaintiffs differently from other types of tort plaintiffs. See, also, *Denicola v. Providence Hosp.* (1979), 57 Ohio St.2d 115, 11 O.O.3d 290, 387 N.E.2d 231.

Having determined that there exists several legitimate governmental interests for classifying medical malpractice claims differently, we now examine R.C. 2307.42 in light of those interests. Plaintiff contends that she cannot comply with R.C. 2307.42 because she does not have enough facts to relate to an expert for him or her to form an opinion. As such, plaintiff contends that R.C. 2307.42 effectively denies her and others similarly situated their day in court.

However, plaintiff is misconstruing the requirements of R.C. 2307.42. The affidavit of the attorney is required merely to state that an expert has been consulted, has reviewed the patient's records, and finds reasonable cause for the claim. It does not require an examination, nor does it require the plaintiff to supply any more records than those of her attending dentist. This is not an "insurmountable burden" placed upon plaintiff. R.C. 2307.42(C)(1)(d) dispenses with the requirement of consultations with an expert if the dentist has failed to supply such dental records for such review within sixty days after a request therefor.

Furthermore, R.C. 2307.42 is rationally related to the government's legitimate interest of keeping health care affordable by quickly dismissing frivolous claims. By requiring plaintiff's attorney or plaintiff to consult with a qualified expert prior to filing a medical malpractice claim, claims having no *bona fide* merit can be weeded out without commencing an action. The affidavit of the attorney ensures that careful consideration has been given to the claim to ascertain that there is a good faith basis for a belief that there is good ground to support the claim. See Civ.R. 11.

Although this is a case of first impression in Ohio, other jurisdictions have held similar statutory provisions to be constitutional for the same reasons as pronounced herein. Ill.Rev.Stat. Ch. 110 § 2–622 is very similar to R.C. 2307.42 in that the Illinois statute also requires an affidavit of a meritorious claim to be filed with the complaint alleging medical malpractice. At least two Illinois appellate courts have interpreted this statute and found it to be constitutional. See *Bloom v. Guth* (1988), 164 Ill.App.3d 475, 115 Ill.Dec. 468, 517 N.E.2d 1154, and *Sakovich v. Dodt* (1988), 174 Ill.App.3d 649, 124 Ill.Dec. 438, 529 N.E.2d 258.

In reasoning akin to our analysis, the *Bloom* court held the Illinois statute to be rationally related to furthering a legitimate government interest. Specifically, the court reasoned at 164 Ill.App.3d at 479, 115 Ill.Dec. at 471, 517 N.E.2d at 1157:

" * * * We conclude that the stated constitutional rights have not been infringed upon by the pleading requirement in issue, which establishes a procedure for eliminating frivolous cases from the court dockets. In our view, there is no infringement of the constitution because the right to maintain a *bona fide* medical malpractice action is not curtailed by section 2–622, which merely establishes a reasonable procedure designed to summarily dispose of meritless cases."

Likewise, R.C. 2307.42 "merely establishes a reasonable procedure designed to summarily dispose of meritless cases." For these reasons, R.C. 2307.42 is

not a denial of equal protection or due process of law. Accordingly, plaintiff's first assignment of error is not well taken.

■ Plaintiff's second assignment of error involves a slightly different equal protection attack. Plaintiff contends that the statute unfairly discriminates against plaintiffs who may have meritorious medical malpractice claims but cannot afford the cost of an expert at such an early stage of the litigation. Specifically, plaintiff contends that this additional financial burden denies her the opportunity of the discovery process where liability is more appropriately determined.

However, as stated previously, plaintiff is misconstruing the requirements of R.C. 2307.42. This provision requires only that plaintiff or her attorney sign an affidavit stating that he or she has consulted with the appropriate expert and that person has concluded that there is a reasonable basis for plaintiff's claim. Liability need not be firmly established at this initial pleading stage.

Furthermore, if plaintiff cannot consult with an expert soon enough to file a timely malpractice action, R.C. 2307.42(C)(1)(b)(i) provides that an affidavit so stating will suffice. Also, if plaintiff is having problems obtaining her records from her attending dentist, she may file an affidavit pursuant to R.C. 2307.42(C)(1)(c) so stating. Thus, R.C. 2307.42 does provide mechanisms for a plaintiff who is unable to comply for the reasons enumerated.

As R.C. 2307.42(C)(1)(a)(i) requires only some evidence of a reasonable basis for plaintiff's claim, it does not unfairly or unconstitutionally discriminate against plaintiffs who are of modest means. It must be borne in mind that testimony of an expert will be required at trial to support the claim. The statute requires only that such an expert be consulted before filing the complaint. If no expert be required, R.C. 2307.42(C)(1)(d) provides that an affidavit so stating will suffice. Accordingly, the second assignment of error is not well taken.

■ Plaintiff's third assignment of error involves a different constitutional argument from that of her first two. Plaintiff contends that R.C. 2307.42 is in conflict with Civ.R. 8, and as such is violative of Section 5(B), Article IV, Ohio Constitution, the "Modern Courts Amendment." Defendant contends that, since plaintiff did not raise this issue in the trial court, plaintiff is precluded from raising it for the first time upon appeal.

It is well established that ordinarily a constitutional issue which has not been raised in the trial court will not be considered by an appellate court unless such constitutional issue is fundamental to the trial court action, such as whether a claim exists or the court has jurisdiction. See, *State, ex rel.*

*King, v. Shannon* (1960), 170 Ohio St. 393, 394, 11 O.O.2d 121, 121–122, 165 N.E.2d 642, 643, and *State, ex rel. Specht, v. Bd. of Edn.* (1981), 66 Ohio St.2d 178, 182, 20 O.O.3d 191, 193–194, 420 N.E.2d 1004, 1007, and cases cited therein.

In her reply brief, plaintiff asserts that raising this issue at the trial court level would have been a useless act as this court has already decided the issue, and that somehow plaintiff should be excused. However, a record should always be preserved at the trial level regardless of how the party feels the trial court or appellate court will decide that issue. Orderly procedure requires that the issue be raised, and the trial court given an opportunity to rule upon it.

However, even if plaintiff had raised the issue, the outcome would be the same. As plaintiff correctly notes, this court has considered and decided the issue. See *Hearing v. Delnay* (Dec. 21, 1976), Franklin App. No. 76AP-493, unreported, and *Gates v. Brewer* (1981), 2 Ohio App.3d 347, 2 OBR 392, 442 N.E.2d 72. As we reasoned in *Gates*, at 350, 2 OBR at 395, 442 N.E.2d at 76–77, quoting *Hearing:*

" 'Further, the language of Article IV, Section 5(B) of the Ohio Constitution states in effect that all laws in conflict with the rules shall be of no *further* force or effect, *after* the rules have taken effect. The majority herein feel that such language of the Constitution refers and applies only to those statutes in force at the time the Civil Rules became effective on July 1, 1970. The intent as clearly expressed by such language was to provide for the repeal of those statutes in conflict with the rules on July 1, 1970. If the intent of the framers of the language of the constitutional amendment would have been otherwise, it would have been a simple procedure to have provided for the predominance of any rule as found to be in conflict with any law enacted after the effectiveness of the rule. Such not having been done, we hold that the section of law questioned here, that is R.C. 2307.42(C), prevails, and does no violence to Article IV, Section 5 of the Ohio Constitution.' "

We adhere to that reasoning now in holding that, as R.C. 2307.42 was enacted after the Modern Courts Amendment, it is not violative of that provision.

Accordingly, R.C. 2307.42 does not violate either the Equal Protection Clause or the Due Process Clause. Furthermore, it does not violate Section 5(B), Article IV, Ohio Constitution. Therefore, the third assignment of error is not well taken.

For the foregoing reasons, all of plaintiff's assignments of error are overruled, and the judgment of the Franklin County Municipal Court is affirmed.

*Judgment affirmed.*

McCORMAC, P.J., and BRYANT, J., concur.