CANADY, Appellant and Cross–Appellee,

v.

DEPARTMENT OF REHABILITATION AND CORRECTION,
Appellee and Cross–Appellant.

[Cite as *Canady v. Ohio Dept. of Rehab. & Corr.* (1992), 80 Ohio App.3d 382.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–929.

Decided Oct. 27, 1992.

Robert Canady, pro se.

*Lee Fisher,* Attorney General, and *Eric A. Walker,* Assistant Attorney General, for appellee and cross-appellant.

———————

Tyack, Judge.

On April 3, 1992, Robert Canady filed suit in the Ohio Court of Claims, asserting a variety of claims against the Ohio Department of Rehabilitation and Correction and others, including a claim of dental malpractice involving a time when Canady was incarcerated at the Chillicothe Correctional Institution ("CCI"). Canady claimed that CCI's dentist, Dr. Steve Huber, failed to provide fair and adequate treatment for Canady's advanced periodontitis. Specifically, Canady wanted Dr. Huber to extract all of his teeth at once and wished to be transported to an outside medical facility for treatment of the disease. Dr. Huber had preferred to extract the teeth in quadrants.

In May 1992, the Department of Rehabilitation and Correction (hereinafter "appellee") filed a motion to dismiss the complaint for failure to comply with R.C. 2307.42(C) and on grounds that the claims were barred by the applicable statutes of limitations. On June 4, 1992, Canady (hereinafter "appellant") filed his response to appellee's motion to dismiss and attached an affidavit, presumably to comply with R.C. 2307.42(C). The trial court dismissed the complaint on grounds that the claims were barred by the applicable statutes of limitations. Appellant timely appealed, and has assigned two errors for our consideration:

"I. Judgement of the court of claims entry of dissmal [*sic*] is unsupported by evidence, and is contrary to the manifest weight of the evidence.

"II. The court of claims erred as a matter of law finding appellant's claims barred by the statue [*sic*] of limitations pursuant to Revised Code 2305.11(B), violating the appellant under Article I, Section 16 of the Ohio Constitution."

In response, appellee has filed one cross-assignment of error, pursuant to R.C. 2505.22:

"The lower court erred by not dismissing appellant's complaint for failure to comply with R.C. 2307.42(C)."

In both of his assignments of error, appellant argues that the Court of Claims erred in granting the motion to dismiss for failure to meet the statute of limitations. Because the claims were brought against the state and in the Court of Claims, R.C. 2743.16(A) applies and states:

"Subject to division (B) of this section, civil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of

action or within any shorter period that is applicable to similar suits between private parties."

The statute of limitations for dental malpractice claims is governed by R.C. 2305.11(B)(1), which states, in pertinent part:

"Subject to division (B)(2) of this section, an action upon a * * * dental * * * claim shall be commenced within one year after the action accrued."

Since one year is a shorter period than that promulgated in R.C. 2743.16(A), appellant's claim was under a one-year statute of limitations.

Appellee contends that appellant failed to meet the one-year statute of limitations because, at the latest, appellant was aware of Dr. Huber's alleged improper behavior in August 1989, and therefore should have filed suit by August 1990. In support of this contention, appellee cites *Oliver v. Kaiser Community Health Found.* (1983), 5 Ohio St.3d 111, 5 OBR 247, 449 N.E.2d 438, which held that the statute of limitations commences when the patient discovers or should have discovered the resulting injury. *Oliver* overruled a long line of cases which held that the statute of limitations begins to run at the time the doctor-patient relationship terminates. However, appellee and the Ohio Court of Claims failed to consider the holding of the Supreme Court of Ohio in *Frysinger v. Leech* (1987), 32 Ohio St.3d 38, 512 N.E.2d 337. In *Frysinger,* the court held that a medical malpractice claim under R.C. 2305.-11(A), then the current section applicable to medical and dental malpractice claims, accrues when the patient discovers or should have discovered the resulting injury *or* when the doctor-patient relationship terminates, *whichever is later.* The court stated that in *Oliver,* the patient discovered the malpractice injury after the relationship ended and, thus, *Oliver* did not discuss the situation where the doctor-patient relationship continues *after* the malpractice injury.

In the case at bar, the record indicates that appellant discovered the alleged injury and/or malpractice around August 1989, when Dr. Huber told appellant that all his teeth needed to be extracted in quadrants, a procedure with which appellant disagreed. However, appellant continued to see Dr. Huber despite appellant's complaints regarding the ongoing treatment. The record reveals that Dr. Huber scheduled an appointment with appellant in November 1991. This shows a continuing doctor-patient relationship as of November 1991. Appellant filed his complaint in April 1992; therefore, appellant filed suit within the one-year statute of limitations applicable to claims of professional negligence involving dentistry.

Appellant's argument in his second assignment of error that R.C. 2305.11(B) violates his rights under Section 16, Article I of the Ohio Constitution has no

independent merit. Yet, both assignments of error are sustained to the extent that they assert error by the trial court in granting a dismissal on grounds that all of appellant's claims were time-barred by R.C. 2305.11(B). However, as to theories other than dental malpractice, the trial court was correct in finding that the statutes of limitations had run or that the claims should otherwise be dismissed.

Addressing these other theories, appellant's claim involving assault is barred by application of the one-year statute of limitations set forth in R.C. 2305.11.1, which states, in pertinent part:

"An action for assault or battery shall be brought within one year after the cause of the action accrues. For purposes of this section, a cause of action for assault or battery accrues upon the later of the following:

"(A) The date on which the alleged assault or battery occurred."

As the trial court noted, appellant's claims concern acts which occurred, at the latest, in August 1989. Because appellant did not file the complaint until April 3, 1992, the assault claim is barred under R.C. 2305.11.1(A), as incorporated by R.C. 2743.16(A) set forth above. Dismissal as to that claim is affirmed.

Finally, appellant alleged that there were violations of departmental policies and administrative rules. From the allegations set forth in his complaint, it appears that appellant establishes no set of facts in support of his claim which would entitle him to relief. See *O'Brien v. Univ. Community Tenants Union* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, and *Zuber v. Ohio Dept. of Ins.* (1986), 34 Ohio App.3d 42, 516 N.E.2d 244.

■ We now turn to appellee's cross-assignment of error. Appellee essentially argues that under R.C. 2307.42, appellant was required to submit an affidavit with his complaint and, because he did not, the court lacked subject-matter jurisdiction. R.C. 2307.42(B) states, in pertinent part:

"[T]he court of claims * * * shall have jurisdiction to hear and determine an action upon a * * * dental * * * claim only if the complaint or other pleading that sets forth the claim is supported by documentation as required by and described in division (C) of this section."

R.C. 2307.42(C) reads, in pertinent part:

"(1) The complaint or other pleading that sets forth a * * * dental * * * claim shall be accompanied by one of the following types of supporting documentation:

"(a)(i) An affidavit of the claimant's attorney or, if the claimant is not represented by an attorney, of the claimant that states that the affiant has consulted with and reviewed the facts of the matter involved with * * * a

dentist if a dental claim is involved * * *; that after the consultation and review of the facts and relevant * * * dental * * * records and other materials, the reviewing * * * dentist * * * has determined that there is reasonable cause for the commencement of an action upon the claim against each defendant; and that, on the basis of the review and consultation, the affiant has concluded that there is reasonable cause for the commencement of an action upon the claim against each defendant;

"* * * *

"(b) An affidavit of the claimant's attorney or, if the claimant is not represented by an attorney, of the claimant that states both of the following:

"(i) The affiant was not able to obtain a consultation with and a review of the facts of the matter involved with a * * * dentist * * * soon enough to timely commence an action upon the * * * dental * * * claim;

"(ii) The reasons why the affiant was not able to obtain a consultation and review as described in division (C)(1)(a) of this section soon enough to timely commence an action upon the * * * dental * * * claim."

■ Although appellant did not attach an affidavit with his complaint, he did submit one with his reply to appellee's motion to dismiss. The question becomes whether or not this was sufficient to comply with R.C. 2307.42(C). The cases from this court indicate that the affidavit requirement is merely a procedural prerequisite to a trial court's exercise of its jurisdiction and does not violate due process or equal protection. See *Hodge v. Cheek* (1989), 64 Ohio App.3d 296, 581 N.E.2d 581. However, strict compliance with the statute does not appear to be necessary. For example, in *Goings v. Dept. of Rehab. & Corr.* (May 28, 1991), Franklin App. No. 90AP–1041, unreported, 1991 WL 94339, we held that the lower court did not err in dismissing the complaint because the appellant therein failed to submit a conforming affidavit after he was given two opportunities to comply. Further, in *Johns v. Toledo Mental Health Ctr.* (Apr. 28, 1992), Franklin App. No. 91AP–1127, unreported, 1992 WL 89656, the lower court ordered the appellant therein to submit an affidavit when one was not filed with her complaint. When the affidavit was not forthcoming, the court extended the deadline for submitting the affidavit several times. Because the affidavit was never submitted, the lower court dismissed the complaint and we affirmed the judgment.

These cases make it clear that the Ohio Court of Claims has not demanded strict compliance with the requirement of R.C. 2307.42(C) that the affidavit be submitted *with the complaint.* In the case at bar, appellant submitted the affidavit in his reply to appellee's motion to dismiss which was, in part, grounded upon appellant's failure to submit the affidavit with the complaint. However, instead of dismissing the case on that ground, the trial court

dismissed the claim pursuant to appellant's alleged failure to file within the statute of limitations. Indeed, in its entry of dismissal, the trial court stated:

"Defendant asserts that since plaintiff has alleged a dental claim that he is required to file an affidavit pursuant to R.C. 2307.42. Plaintiff asserts that he has attached an affidavit to his motion. Therefore, plaintiff's complaint will not be dismissed pursuant to Civ.R. 12(B) and R.C. 2307.42."

In light of the above, appellant's late filing of the required affidavit did not destroy the court's subject-matter jurisdiction.

■ Lastly, appellee argues that even if a late filing was permitted, the affidavit is statutorily deficient. We find no merit in this contention. In paragraph two of his affidavit, appellant states that he was unable to consult with a dentist soon enough to commence the action timely. Appellant goes on in subparagraphs (i) and (ii) to explain why he was not able to obtain such a consultation. This sufficiently complies with R.C. 2307.42(C)(1)(b)(i) and (ii), *supra,* and appellee's cross-assignment of error is therefore overruled. However, had appellant's claim not been dismissed, appellant would have had to submit a second affidavit which complied with R.C. 2307.42(C)(1)(a) within ninety days of the filing of the complaint. See R.C. 2307.42(C)(2)(a). On remand, appellant must, therefore, in compliance with R.C. 2307.42(C)(1)(a), submit within ninety days an affidavit which fully complies with R.C. 2307.-42(C).

As a result of the foregoing, the judgment of the Ohio Court of Claims is affirmed to the extent that it ordered dismissal of appellant's claims on all theories except dental malpractice alleged specifically as to the acts of Dr. Huber on behalf of appellee. The judgment of the Ohio Court of Claims is reversed to the extent that it ordered dismissal of the action on a theory of dental malpractice alleged as attributable to the acts of Dr. Huber. The ruling of the trial court that the action should not at that time be dismissed due to the affidavit requirements of R.C. 2307.42(C) is affirmed also. However, the trial court's ruling does not constitute a ruling that appellant is relieved of the burden of filing an affidavit which fully complies with R.C. 2307.42(C) no later than ninety days from the journalization of the judgment in this court.

As indicated above, appellant's two assignments of error are sustained in part. Appellee's cross-assignment of error is overruled. The judgment of the Ohio Court of Claims is affirmed in part and reversed in part. The cause is remanded for further proceedings consistent with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

WHITESIDE and DESHLER, JJ., concur.