CHATFIELD et al., Appellants,

v.

SLUTZKER et al., Appellees.

[Cite as *Chatfield v. Slutzker* (1993), 87 Ohio App.3d 740.]

Court of Appeals of Ohio,
Montgomery County.

No. 13797.

Decided May 21, 1993.

*Jerome G. Menz,* for appellants.

*Leo F. Krebs,* for appellees.

FREDERICK N. YOUNG, Judge.

On January 19, 1990, plaintiff-appellant Rhonda Chatfield filed a medical claim in case No. 90–0297 seeking damages resulting from the allegedly negligent care and treatment by defendants-appellees Berkeley Slutzker, M.D., Inc. and Berkeley Slutzker, M.D. Plaintiff-appellant Joseph Chatfield joined in the complaint seeking damages on his derivative claim for loss of consortium.

The affidavit of plaintiffs' counsel was attached to the complaint as provided for in R.C. 2307.42(C)(1)(a)(i). In her affidavit counsel stated that the facts of the case had been reviewed by a qualified medical practitioner who opined that there is reasonable cause for the commencement of the action against each defendant.

Plaintiffs voluntarily dismissed their complaint pursuant to Civ.R. 41(A) on March 29, 1991.

The plaintiffs refiled their complaint on March 27, 1992 in case No. 92–1415. The negligence allegations in the new complaint were the same as those alleged in the first complaint. The defendants in the new complaint were Berkeley Slutzker, M.D., Inc., Berkeley Slutzker, M.D., deceased, and Edith Slutzker, executor of the estate of Berkeley Slutzker, M.D. The new complaint did not specifically incorporate the old complaint by reference; however, it did allege that "this is the refiling of an action previously assigned Case No. 90–297."

The new complaint was supported by the following affidavit:

"STATE OF OHIO                )

                             ) SS:

"COUNTY OF MONTGOMERY)

"I, Jonathan Hollingsworth, being first duly cautioned and sworn, deposes and states as follows:

"1. I am an attorney duly licensed to practice law in the State of Ohio. I am associated with the law firm of Porter, Wright, Morris & Arthur. Gary Gottschlich, a partner in the law firm of Porter, Wright, Morris & Arthur, is the attorney for the Plaintiffs, Rhonda Chatfield and Joseph Chatfield. Mr. Gottschlich is presently unavailable and, therefore, cannot personally submit his affidavit,

pursuant to Ohio Revised Code § 2307.42(C)(1)(a). In his absence, the undersigned hereby submits his Affidavit, pursuant to Ohio Revised Code § 2307.-42(C)(1)(b).

"2. Affiant states that at the time the original action was commenced on January 19, 1990, Plaintiffs' attorney(s) had consulted with and reviewed the facts in this case with a practitioner who has appropriate qualifications to render an opinion in this case as to Defendants, Berkeley Slutzker, M.D., and Berkeley Slutzker, M.D., Inc., and that the attorney(s) reasonably believed that the consultant was knowledgeable regarding the facts and issues in this case.

"3. Affiant states that the attorney(s) reasonably believed that the consultant was competent to testify on this claim, pursuant to the Ohio Rules of Evidence.

"4. Affiant states that Plaintiffs' attorney(s) attested that the consultant had reviewed the facts and relevant medical records and other materials in this case and had determined that there was reasonable cause for the commencement of an action upon the claim against Defendants, Berkeley Slutzker, M.D., and Berkeley Slutzker, M.D., Inc.

"5. On March 29, 1991, Plaintiffs voluntarily dismissed their complaint in case No. 90–297. By statute, Plaintiffs have until March 29, 1992 in which to refile their claim against Defendants, Berkeley Slutzker, M.D., and Berkeley Slutzker, M.D., Inc.

"6. Affiant asserts, upon information and belief, that Plaintiffs were advised recently that the medical professional upon whom they relied in support of their original action (case No. 90–297) is no longer available to provide them with professional consultation. Therefore, as of the time of the refiling of their medical malpractice action, they have not been able to obtain a consultation and review of their claim in accordance with Ohio Revised Code § 2307.42(C)(1)(a) soon enough to timely commence an action upon the medical malpractice claim."

On August 6, 1992 new counsel for plaintiffs was substituted for counsel who had filed the second complaint.

On September 1, 1992 the trial court issued a notice "that the Defendants have not been served."

On September 4, 1992, the plaintiffs filed an amended complaint in case No. 92–1415. The complaint alleged the same medical claims previously alleged and the complaint referred to the first complaint.

Attached to the amended complaint was the affidavit of the plaintiffs' attorney which complied with R.C. 2307.42(C)(1)(a)(i).

On October 16, 1992 the defendant-appellee, Edith Slutzker, executor of the estate of Berkeley Slutzker, M.D., moved to dismiss the complaint and amended

complaint for lack of jurisdiction over the subject matter (Civ.R. 12[B][1] ) and for failure to state a claim upon which relief can be granted (Civ.R. 12[B][6] ).

The trial court sustained the motion to dismiss for lack of subject matter jurisdiction. The trial court found that the affidavit filed with the second complaint on March 27, 1992 was filed so that the complaint could be "timely filed" and that a consultation with a medical professional "would be completed within the ninety day period specified in Section 2307.42(C)(2)(a)." This section in effect requires the filing of a "reasonable cause for the commencement of an action" affidavit within ninety days when a consultation affidavit provided for in R.C. 2307.42(C)(1)(a)(i) has not been filed.

R.C. 2307.42(C)(3) provides in part:

"A * * * court of common pleas * * * does not have jurisdiction to hear and determine an action upon a medical * * * claim and shall dismiss the action if the complaint or other pleading that sets forth the claim is not supported as provided in division (C)(1) or (2) of this section."

It is reasonably clear from the decision of the trial court that the motion to dismiss for lack of jurisdiction was sustained because "no follow up supporting affidavit as referred by Section 2307.42(C)(2)(a) was filed on or before June 25, 1992."

■ The plaintiffs have appealed from the order dismissing the case for lack of subject matter jurisdiction. The following is the sole assignment of error presented:

"The trial court erred to plaintiffs-appellants prejudice upon sustaining defendant-appellees' motion to dismiss the complaint for failure to comply with Revised Code § 2307.42 for the reason that the claim had been once reviewed by a physician consultant who found reasonable cause for commencement of an action and there is a relation back of the complaint and affidavit filed in this case to the complaint and affidavit filed in case No. 90–297."

It is clear that the affidavit of Hollingsworth did not meet the requirements of R.C. 2307.42(C)(1)(a)(i) when it was filed with the second complaint on March 27, 1992. It was drafted to comply with R.C. 2307.42(C)(1)(b). But the statute requires that a (C)(1)(a) affidavit must be filed "within ninety days after the date of the filing of the complaint," R.C. 2307.42(C)(2)(a), when a (C)(1)(b) affidavit has been filed with the complaint. No such affidavit was filed by the plaintiffs until they filed an amended complaint on September 4, 1992, far beyond ninety days after March 27, 1992.

Upon the expiration of the ninety-day period following March 27, 1992 (June 25, 1992), the subject matter jurisdiction of the trial court in this case evaporated.

The court had no choice but to dismiss the complaint. The statute in question specifically states that a court "shall have jurisdiction to hear and determine an action upon a medical, dental, optometric, or chiropractic claim *only* if the complaint or other pleading that sets forth the claim is supported by documentation as required by and described in division (C) of this section." (Emphasis added.) R.C. 2307.42(B).

The statute is clear and is jurisdictional, and we do not have the authority to ignore its plain and unambiguous language. *Bd. of Edn. v. Fulton Cty. Budget Comm.* (1975), 41 Ohio St.2d 147, 70 O.O.2d 300, 324 N.E.2d 566.

Plaintiffs argued that their second complaint somehow "relates back" to the first complaint and thus incorporates the proper affidavit filed then. But that complaint had been dismissed by the plaintiffs. After the dismissal it did not exist. You cannot "relate back" to something that is not there.

We therefore overrule the single assignment of error. This result is unfortunate as it precludes a resolution on the merits of the matter, and it may even seem harsh and overtechnical. But it is the result mandated by the statute, which we are bound to enforce as written.

*Judgment affirmed.*

FAIN, J., concurs.

WILSON, J., dissents.

WILSON, Judge, dissenting.

It is undisputed that the complaint in case No. 90–0297 and the amended complaint in case No. 92–1415 were supported by the documentation required by R.C. 2307.42(C). The sole issue before us is whether the complaint in case No. 92–1415 was supported as required by R.C. 2307.42(C).

The affidavit filed in support of the second complaint was couched in the language of an affidavit provided for in R.C. 2307.42(C)(1)(b)(i). However, the affidavit also substantially complied with the informational requirements of the affidavit required by R.C. 2307.42(C)(1)(a)(i).

It appears that the legislative purpose behind the documentation requirements of R.C. 2307.42 is to reduce the filing of medical claims to those where "there is reasonable cause for the commencement of an action." Another legislative purpose is to establish a reasonable procedure to summarily dispose of meritless cases which do get filed. *Hodge v. Cheek* (1989), 64 Ohio App.3d 296, 581 N.E.2d 581.

I have found no cases directly on point on the unusual facts before us. However, in my view, a review of the entire record before us establishes the fact that the complaint in case No. 92–1415 was supported by sufficient documentation to establish jurisdiction over the subject matter.

I would reverse and remand.