DORNBIRER, Exr., Appellant,

v.

PAUL, et al., Appellees.

[Cite as *Dornbirer v. Paul* (1993), 91 Ohio App.3d 266.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–774.

Decided Oct. 26, 1993.

*Wallace & Warner Co., L.P.A.,* and *Paul L. Wallace,* for appellant.

*Earl, Warburton, Adams & Davis* and *Ted L. Earl,* for appellee William T. Paul, M.D.

---

PEGGY BRYANT, Presiding Judge.

Plaintiff-appellant, Miriam M. Dornbirer, appeals from a judgment of the Franklin County Court of Common Pleas dismissing her complaint on motion of defendant-appellee, William T. Paul, M.D., for plaintiff's failure to comply with the requirements of R.C. 2307.42(C)(1).

While the record begins with plaintiff's filing a complaint for medical malpractice on May 4, 1992, the memoranda of the parties suggest that the case originally commenced on August 14, 1990 with the filing of the plaintiff's original complaint, accompanied by an affidavit of her then-counsel, Luis Alcade; plaintiff voluntarily dismissed the initial action on May 20, 1991 without prejudice.

On May 4, 1992, plaintiff *pro se* refiled her complaint; the complaint was accompanied by the original affidavit of attorney Alcade. Defendant responded with a motion to dismiss, contending that plaintiff had failed to comply with the requisites of R.C. 2307.42(C)(1), rendering the common pleas court without jurisdiction to hear plaintiff's complaint.

Apparently in response to defendant's motion to dismiss, plaintiff, acting *pro se,* filed an additional affidavit reflecting consultation with more than one medical expert and her conclusion that reasonable cause existed for the refiled complaint. The trial court, however, issued a "Progress Monitoring Order" on June 22, 1992, which found the additional affidavit inadequate and gave plaintiff four weeks to show cause why the complaint should not be dismissed for lack of the requisite affidavit in proper form from proper sources.

Plaintiff responded with a memorandum indicating her understanding that the Franklin County Coroner would be submitting an affidavit in support of the refiled complaint; in fact, a letter was received from Franklin County Pathologist, Patrick M. Fardal, dated July 14, 1992, reflecting Dr. Fardal's opinion. The trial court, in a "Progress Monitoring Order" entered July 14, 1992, found the letter was not an affidavit, did not proffer an opinion in terms of probability, did not assert that defendant's actions failed to meet the requisite standard of medical care and did not establish that the reviewing physician determined that reasonable cause exists for commencement of an action against defendant as

required under R.C. 2307.42(C)(1). The order concluded by giving plaintiff notice that unless the deficiencies were corrected in writing not later than August 19, 1992, the court would sustain defendant's motion to dismiss.

On August 19, 1992, attorney Paul L. Wallace appeared on behalf of plaintiff and filed the requisite affidavit under R.C. 2307.42(C)(1). Nonetheless, following additional briefing, the trial court, on May 5, 1993, sustained defendant's motion to dismiss, finding that "the Affidavit filed by attorney Paul Wallace on 8–19–1992 could only operate to make the Complaint effectively filed as of that date (allowing the 8–19–1992 Affidavit to operate retroactively back to 5–4–1992, when the Complaint here was filed, would allow the purpose of the statute to be circumvented)." Thus, the trial court found that the statute of limitations barred plaintiff's complaint against defendant.

Plaintiff has appealed the judgment entry entered on May 17, 1993, and assigns the following errors:

"I. The trial court erred in dismissing plaintiff's complaint by holding that the affidavit required under O.R.C. § 2307.42(C)(1) is jurisdictional.

"II. The trial court erred in dismissing plaintiff's complaint on the basis that the affidavits filed with the complaint failed to meet the requirements under § 2307.42(C)(1) of the Ohio Revised Code.

"III. The trial court erred in dismissing plaintiff's complaint on the basis of the statute of limitations in finding that jurisdiction did not attach until the proper filing of the affidavit under R.C. 2307.42(C)(1)."

Plaintiff's three assignments of error are interrelated and will be addressed jointly.

R.C. 2307.42(C)(1)(a)(i) states as follows:

"The complaint * * * that sets forth a medical * * * claim shall be accompanied by one of the following * * *:

"An *affidavit of the claimant's attorney or, if the claimant is not represented by an attorney, of the claimant* that states that the affiant has consulted with and reviewed the facts of the matter involved with a physician if a medical claim against a physician is involved * * * who the affiant reasonably believes is knowledgeable regarding the issues involved in the particular claim and is competent pursuant to the Rules of Evidence to testify on the claim; that after the consultation and review of the facts and relevant medical * * * materials, the reviewing physician * * * has determined that there is reasonable cause for the commencement of an action upon the claim against each defendant; and that, on the basis of the review and consultation, the affiant has concluded that there is

reasonable cause for the commencement of an action upon the claim against each defendant[.]" (Emphasis added.)

Two issues arise herein out of the foregoing statute: (1) whether the affidavit of plaintiff's former counsel meets the requirements of R.C. 2307.42(C)(1), and (2) whether a timely complaint, subsequently followed by a complying affidavit, meets the time requirements for refiling plaintiff's complaint following the prior voluntary dismissal.

Regarding the first issue, and relying on a literal interpretation of R.C. 2307.42(C)(1), defendant contends that attorney Alcade's affidavit is insufficient to meet the requirements of the statute with respect to plaintiff's refiled complaint; that the statute requires an affidavit of the claimant's attorney, or if the claimant is not represented by an attorney, of the claimant; that, since plaintiff was acting *pro se*, she was required to file her own affidavit, not that of an attorney.

Defendant's technical interpretation of R.C. 2307.42(C)(1) undermines the purpose of the statute. As this court explained in *Hodge v. Cheek* (1989), 64 Ohio App.3d 296, 581 N.E.2d 581, R.C. 2307.42 is "rationally related to the government's legitimate interest of keeping health care affordable by quickly dismissing frivolous claims. By requiring plaintiff's attorney or plaintiff to consult with a qualified expert prior to filing a medical malpractice claim, claims having no *bona fide* merit can be weeded out without commencing an action. The affidavit of the attorney ensures that careful consideration has been given to the claim to ascertain that there is a good faith basis for a belief that there is good ground to support the claim. See Civ.R. 11." *Id.* at 301, 581 N.E.2d at 584.

Under that rationale, the affidavit accompanying plaintiff's refiled complaint is adequate under R.C. 2307.42. Specifically, the affidavit indicates that an expert has been consulted who has reviewed the records and finds reasonable cause for the claim, as does the affiant. While the affidavit predates the filing of the present complaint by approximately two years, nothing in the record suggests that the affidavit is less than accurate by virtue of the time lapse. Indeed, to the contrary, the record contains a number of other documents, as well as a second affidavit, which suggests the continuing validity of the first affidavit.

Further, while the statute allows plaintiff herein, acting *pro se*, to file her own affidavit, we do not interpret the statute to require that the affidavit herein be by the claimant *pro se*, provided the affidavit of plaintiff's former counsel otherwise meets the requirements of R.C. 2307.42 and the record contains no indicia that the affidavit is no longer viable. Rather, the language of R.C. 2307.42 upon which defendant relies seems directed to obviating the need for a *pro se* plaintiff to engage an attorney in order to meet the requirements of the statute.

Given the foregoing, the affidavit of attorney Alcade which accompanied plaintiff's original complaint meets the requirements of R.C. 2307.42 on plaintiff's refiled complaint, despite plaintiff's acting in a *pro se* capacity. Thus, plaintiff's refiled complaint, timely filed, was improperly dismissed. Further, in light of our disposition of plaintiff's first issue, we need not address the second issue raised herein. App.R. 12.

Thus, we sustain plaintiff's second assignment of error to the extent indicated herein, the first and third assignments of error being moot under App.R. 12. The judgment of the trial court is reversed and this cause is remanded for further proceedings in accordance herewith.

*Judgment reversed*
*and cause remanded.*

CLOSE and REILLY, JJ., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, sitting by assignment.