OPINIONS OF THE SUPREME COURT OF OHIO
    The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.
    Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio.  Attention:  Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.
    NOTE:  Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public.  The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.


Hiatt, Admr., Appellee, v. Southern Health Facilities, Inc. et al.; Toombs, Appellant.
[Cite as Hiatt v. S. Health Facilities, Inc. (1994),     Ohio St.3d    .]
Pleadings -- R.C. 2307.42 is in conflict with Civ.R. 11 and is
    invalid and of no force and effect.
R.C. 2307.42 is in conflict with Civ.R. 11 and is invalid and
    of no force and effect.
    (No. 92-2534 -- Submitted November 16, 1993 -- Decided February 9, 1994.)
    Certified by the Court of Appeals for Scioto County, No. 91-CA-2025.
    On October 23, 1991, plaintiff-appellee, Lisa Hiatt, administrator of the estate of James Bingaman, filed a wrongful death and survivorship action against defendant- appellant, Dr. Miller F. Toombs, M.D., and other defendants.  Appellant filed a motion to dismiss for want of jurisdiction on the ground that appellee did not comply with the R.C. 2307.42(C)(1)(c) requirement that the complaint be accompanied by an affidavit with respect to each defendant asserting that claimant's attorney has requested an examination of the medical record. The trial court granted the motion to dismiss and made an express determination of no just reason for delay pursuant to Civ.R. 54(B).  The court of appeals reversed the trial court's judgment, finding that R.C. 2307.42 is in conflict with Civ.R. 11 and is of no force and effect.
    The appellate court, finding its judgment to be in conflict with the judgment of the Court of Appeals for Franklin County in Hodge v. Cheek (1989), 64 Ohio App.3d 296, 581 N.E.2d 581, certified the record of the case to this court for review and final determination.

    Richard W. Campbell, for appellee.
    Bannon, Howland & Dever and Robert E. Dever, for appellant.
    Sowash, Carson & Shostak, Co., L.P.A., Herman A. Carson and Robert J. Shostak, urging affirmance for amicus curiae, Ohio Academy of Trial Lawyers.

Francis E. Sweeney, Sr., J.   The issue certified to this court is essentially whether R.C. 2307.42 is invalid and of no force and effect by virtue of Section 5(B), Article IV of the Ohio Constitution, for being in direct conflict with Civ.R. 11.  For the following reasons we hold that R.C. 2307.42 is in conflict with Civ.R. 11 and is invalid and of no force and effect.

We recently resolved an issue analogous to the one considered in Hodge v. Cheek (1989), 64 Ohio App.3d 296, 581 N.E.2d 581, in the case of Rockey v. 84 Lumber Co. (1993), 66 Ohio St.3d 221, 611 N.E.2d 789.  In Rockey, we held that the Ohio Rules of Civil Procedure, which were promulgated by the Supreme Court pursuant to Section 5(B), Article IV of the Ohio Constitution,1 must control over subsequently enacted statutes purporting to govern procedural matters.  Id. at paragraph two of the syllabus.  Accordingly, we found that the pleading requirements of R.C. 2309.01 are in conflict with the pleading requirements of Civ.R. 8(A) on a procedural matter and, thus, R.C. 2309.01 is invalid.

In the present case, we are asked to interpret whether R.C. 2307.42 is in conflict with the pleading requirements of Civ.R. 11.  R.C. 2307.42 states, in pertinent part:

"(B) A municipal court, county court, or court of common pleas, or the court of claims, shall have jurisdiction to hear and determine an action upon a medical, dental, optometric, or chiropractic claim only if the complaint or other pleading that sets forth the claim is supported by documentation as required by and described in division (C) of this section.

"(C)(1) The complaint or other pleading that sets forth a medical, dental, optometric, or chiropractic claim shall be accompanied by one of the following types of supporting documentation:

"* * *

"(c) An affidavit of the claimant's attorney or, if the claimant is not represented by an attorney, of the claimant that states that the claimant or the claimant's attorney has submitted a written request to the defendant in question for an examination of or the copying of the medical, dental, optometric, or chiropractic records of the claimant or, if different, the patient involved and that the defendant in question has failed to produce those records within sixty days after receipt of that request."

R.C. 2307.42 dictates the procedure by which medical, dental, optometric and chiropractic claims may be made by requiring that a complaint be accompanied by an affidavit asserting that claimant's attorney requested medical records from each defendant.  This requirement of an affidavit is clearly in direct conflict with the express provision of Civ.R. 11 that, "[e]xcept when otherwise specifically provided by these rules, pleadings need not be verified or accompanied by affidavit."  Since the conflict involves the form and content of the complaint to initiate a medical malpractice case, it is a procedural matter and, therefore, Civ.R. 11 prevails over the statute, R.C. 2307.42.

Accordingly, we find that the requirements of R.C. 2307.42 are invalid and of no force and effect, and the judgment of the court of appeals is hereby affirmed.

                              Judgment affirmed.

     Moyer, C.J., A.W. Sweeney, Douglas and Resnick, JJ.,
concur.
     Wright and Pfeifer, JJ., dissent.

Footnote
1.   Section 5(B), Article IV of the Ohio Constitution provides
in pertinent part:
     "The supreme court shall prescribe rules governing
practice and procedure in all courts of the state, which rules
shall not abridge, enlarge, or modify any substantive right.
Proposed rules shall be filed by the court, not later than the
fifteenth day of January, with the clerk of each house of the
general assembly during a regular session thereof, and
amendments to any such proposed rules may be so filed not later
than the first day of May in that session.  Such rules shall
take effect on the following first day of July, unless prior to
such day the general assembly adopts a concurrent resolution of
disapproval.  All laws in conflict with such rules shall be of
no further force or effect after such rules have taken effect."