KING et al., Appellants,

v.

BOGNER, Appellee.

[Cite as *King v. Bogner* (1993), 88 Ohio App.3d 564.]

Court of Appeals of Ohio,
Montgomery County.

No. CA 13694.

Decided July 9, 1993.

*Coolidge, Wall, Womsley & Lombard Co., L.P.A.,* and *Janice M. Paulus,* for appellants, Kimberly A. King, Alan L. King and Judith E. King.

*Thomas Bogner, pro se.*

---

*Per Curiam.*

Plaintiffs-appellants, Kimberly A. King, Alan L. King and Judith E. King, appeal a decision of the Montgomery County Court of Common Pleas dismissing their complaint against defendant-appellee, Thomas Bogner, in an action based on slander, intentional infliction of emotional distress, and negligent infliction of emotional distress.

The record indicates that on May 19, 1992, appellants filed a complaint with the trial court alleging that Kimberly King, a minor, had been slandered by appellee. Appellants Alan King and Judith King are Kimberly's parents.

The complaint states that in 1991, Kimberly transferred from Oakwood High School to Alter High School. It further alleges that on or about June 1, 1991, appellee stated that Kimberly had transferred to Alter High School because she had been discharged from a drug rehabilitation program and that school administrators had not permitted her to return to Oakwood High School. Appellants allege that that statement was false, that it was uttered by appellee with the knowledge that it was false, and that as a result of the statement, "Kimberly A. King was injured in her high school activities and reputation, and has suffered great pain and mental anguish * * *."

On July 13, 1992, appellee filed a motion to dismiss on the ground that the alleged statement constituted slander *per quod,* rather that slander *per se,* and that therefore appellants were required to plead special damages. Appellee's motion claimed that appellants had failed to plead such damages.

On July 30, 1992, appellants filed an amended complaint, restating the slander claim and adding claims for intentional and negligent infliction of emotional distress. Appellee then filed an amended motion to dismiss, seeking dismissal of the added claims on the basis that they were founded upon the "claim of slander which fails to state a claim upon which relief can be granted."

The trial court issued a decision dismissing all of appellants' claims. The court stated that the complaint alleged slander *per quod* and that appellants had failed to plead special damages as required. The claims for intentional and negligent infliction of emotional distress were dismissed without comment. The trial court filed its judgment entry on September 3, 1992.

Appellants bring the instant appeal, setting forth the following assignments of error:

Assignment of Error No. 1:

"The trial court erred in granting defendant-appellee's motion to dismiss plaintiffs-appellants' slander claim (Count I) for failure to state a claim. (Decision and order filed Sept. 3, 1992.)"

Assignment of Error No. 2:

"The trial court erred in granting defendant-appellee's motion to dismiss plaintiffs-appellants' emotional distress claims (Counts II and III) for failure to state a claim. (Decision and order filed Sept. 3, 1992.)"

In their first assignment of error, appellants contend that the trial court erred in granting the motion to dismiss as to the slander claim. For a court to dismiss a complaint for failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him or her to recovery. *Greeley v. Miami Valley Maintenance Contractors, Inc.* (1990), 49 Ohio St.3d 228, 230, 551 N.E.2d 981, 982–983; *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 245, 71 O.O.2d 223, 224–225, 327 N.E.2d 753, 754–755. While the relating of facts that gave rise to the claim is not necessary to survive a Civ.R. 12(B)(6) motion, the complaint must, at the very least, state the operative grounds that created the claim. *Stephens v. Boothby* (1974), 40 Ohio App.2d 197, 69 O.O.2d 189, 318 N.E.2d 535. When a court entertains a motion to dismiss, the complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as admitted. *Slife v. Kundtz Properties, Inc.* (1974), 40 Ohio App.2d 179, 182, 69 O.O.2d 178, 180, 318 N.E.2d 557, 560.

Slander may be either *per se* or *per quod.* Slander *per se* means that the slander is accomplished by the very words spoken. *Rainey v. Shaffer* (1983), 8 Ohio App.3d 262, 264, 8 OBR 354, 357, 456 N.E.2d 1328, 1332. Slander *per quod,* by contrast, means that the slander results from the listener's interpretation of the words through innuendo. *Id.* In an action for slander *per se,* damages will be presumed, while in an action for slander *per quod,* the plaintiff

must plead special damages. *Id.; Cramton v. Brock* (Mar. 23, 1992), Clinton App. No. CA91–05–011, unreported, 1992 WL 56765.

In order for a remark to be considered slander *per se*, it must consist of words that import an indictable criminal offense involving moral turpitude or infamous punishment, impute some loathsome or contagious disease that excludes one from society or tend to injure one in one's trade or occupation. *McCartney v. Oblates of St. Francis deSales* (1992), 80 Ohio App.3d 345, 353, 609 N.E.2d 216, 222. The determination of whether a statement is slander *per se* or slander *per quod* is a question of law for the trial court. *Matalka v. Lagemann* (1985), 21 Ohio App.3d 134, 136, 21 OBR 143, 145, 486 N.E.2d 1220, 1222.

In the instant case, the trial court did not err in finding that appellee's statement constituted slander *per quod*. Appellants argue that appellee's reference to a drug rehabilitation program was tantamount to an allegation that Kimberly King had engaged in a criminal offense involving moral turpitude or infamous punishment. This argument is not well taken. As the trial court stated, a person may participate in a drug rehabilitation program without having used illicit drugs, and certainly the participation itself is not a criminal offense. Though appellants make several somewhat circuitous arguments concerning the statutory definitions of "drug addiction" and related terms, we find these arguments unpersuasive. Appellee's statement could have been considered defamatory only by inference or innuendo. As such, the trial court properly found that appellants were required to plead special damages.

However, we do find that the trial court erred in concluding that appellants had failed to satisfy that pleading requirement. Special damages are damages of such a nature that they do not follow as a necessary consequence of the injury complained of. *Gennari v. Andres–Tucker Funeral Home* (1986), 21 Ohio St.3d 102, 106, 21 OBR 395, 398, 488 N.E.2d 174, 178. In the instant case, appellant alleged that she had been damaged in her "high school activities." We find that this can be construed as alleging an impairment of educational opportunity and therefore of occupational opportunity. Further, appellants alleged that Kimberly King had suffered "great pain and mental anguish" as a result of appellee's statement. These are damages of such a nature that they do not necessarily follow from a defamatory remark. Therefore, the trial court erred in finding that appellants could prove no set of facts that would entitle them to recovery under the facts alleged. The first assignment of error is accordingly sustained.

In the second assignment of error, appellants contend that the trial court erred in dismissing the claims for intentional and negligent infliction of emotional distress. We begin with the issue of intentional infliction of emotional distress.

The Supreme Court of Ohio has stated that "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." *Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369, 374, 6 OBR 421, 426, 453 N.E.2d 666, 671. To sustain a claim for the intentional infliction of emotional distress, a plaintiff must show that the defendant's intentional conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* at 375, 6 OBR at 426, 453 N.E.2d at 671.

In the instant case, we find that the trial court erred in dismissing appellants' claim for intentional infliction of emotional distress. Appellants' amended complaint, while somewhat lacking in factual detail, alleges all of the elements of intentional infliction of emotional distress. The basis of appellee's motion to dismiss was that the claim for emotional distress was in some way dependent upon a finding of slander. However, as the Supreme Court has made clear, the tort of intentional infliction of emotional distress is an independent cause of action. See, generally, *Yeager.* After reviewing the pleadings, we cannot say that the appellant Kimberly could prove no set of facts entitling her to recover for intentional infliction of emotional distress. Accordingly, we find appellants' argument with respect to that cause of action to be well taken.

We turn now to the issue of negligent infliction of emotional distress. In Ohio, a cause of action may be stated for negligent infliction of emotional distress. *Paugh v. Hanks* (1983), 6 Ohio St.3d 72, 6 OBR 114, 451 N.E.2d 759. However, Ohio case law has recognized negligent infliction of emotional distress only where the plaintiff is cognizant of real physical danger to herself or another. *Criswell v. Brentwood Hosp.* (1989), 49 Ohio App.3d 163, 165, 551 N.E.2d 1315, 1317; *Massie v. Dayton Power & Light Co.* (Sept. 21, 1992), Fayette App. No. CA91–10–021, 91–11–025, unreported, 1992 WL 236801. Where there is no such cognizance, there can be no claim for negligent infliction of emotional distress.

In the instant case, it is clear from the record that Kimberly King was not cognizant of any physical danger to herself or others. Though appellee's utterance may have caused Kimberly emotional distress, this is simply not a case in which appellants can recover for the negligent infliction of emotional distress. We find that the trial court properly sustained appellee's motion to dismiss with respect to that cause of action. However, having found error in the trial court's dismissal of the claim for intentional infliction of emotional distress, we sustain in part appellants' second assignment of error.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed in part and reversed in part, and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded.*

KOEHLER, P.J., WILLIAM W. YOUNG and WALSH, JJ., concur.

RICHARD N. KOEHLER, WILLIAM W. YOUNG and JAMES E. WALSH, JJ., of the Twelfth Appellate District, sitting by assignment.