HIATT, ADMR., APPELLEE, *v.* SOUTHERN HEALTH
FACILITIES, INC. ET AL.; TOOMBS, APPELLANT.

[Cite as *Hiatt v. S. Health Facilities, Inc.* (1994), 68 Ohio St.3d 236.]

(No. 92–2534—Submitted November 16, 1993—Decided February 9, 1994.)

---

*Richard W. Campbell,* for appellee.

*Bannon, Howland & Dever* and *Robert E. Dever,* for appellant.

*Sowash, Carson & Shostak Co., L.P.A., Herman A. Carson* and *Robert J. Shostak,* urging affirmance for *amicus curiae,* Ohio Academy of Trial Lawyers.

---

FRANCIS E. SWEENEY, SR., J.  The issue certified to this court is essentially whether R.C. 2307.42 is invalid and of no force and effect by virtue of Section 5(B), Article IV of the Ohio Constitution, for being in direct conflict with Civ.R. 11.  For the following reasons we hold that R.C. 2307.42 is in conflict with Civ.R. 11 and is invalid and of no force and effect.

We recently resolved an issue analogous to the one considered in *Hodge v. Cheek* (1989), 64 Ohio App.3d 296, 581 N.E.2d 581, in the case of *Rockey v. 84 Lumber Co.* (1993), 66 Ohio St.3d 221, 611 N.E.2d 789. In *Rockey*, we held that the Ohio Rules of Civil Procedure, which were promulgated by the Supreme Court pursuant to Section 5(B), Article IV of the Ohio Constitution,[1] must control over subsequently enacted statutes purporting to govern procedural matters. *Id.* at paragraph two of the syllabus. Accordingly, we found that the pleading requirements of R.C. 2309.01 are in conflict with the pleading requirements of Civ.R. 8(A) on a procedural matter and, thus, R.C. 2309.01 is invalid.

In the present case, we are asked to interpret whether R.C. 2307.42 is in conflict with the pleading requirements of Civ.R. 11. R.C. 2307.42 states, in pertinent part:

"(B) A municipal court, county court, or court of common pleas, or the court of claims, shall have jurisdiction to hear and determine an action upon a medical, dental, optometric, or chiropractic claim only if the complaint or other pleading that sets forth the claim is supported by documentation as required by and described in division (C) of this section.

"(C)(1) The complaint or other pleading that sets forth a medical, dental, optometric, or chiropractic claim shall be accompanied by one of the following types of supporting documentation:

" * * *

"(c) An affidavit of the claimant's attorney or, if the claimant is not represented by an attorney, of the claimant that states that the claimant or the claimant's attorney has submitted a written request to the defendant in question for an examination of or the copying of the medical, dental, optometric, or chiropractic records of the claimant or, if different, the patient involved and that the defendant in question has failed to produce those records within sixty days after receipt of that request."

R.C. 2307.42 dictates the procedure by which medical, dental, optometric and chiropractic claims may be made by requiring that a complaint be accompanied by an affidavit asserting that claimant's attorney requested medical records from

---

1. Section 5(B), Article IV of the Ohio Constitution provides in pertinent part:

"The supreme court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right. Proposed rules shall be filed by the court, not later than the fifteenth day of January, with the clerk of each house of the general assembly during a regular session thereof, and amendments to any such proposed rules may be so filed not later than the first day of May in that session. Such rules shall take effect on the following first day of July, unless prior to such day the general assembly adopts a concurrent resolution of disapproval. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."

each defendant. This requirement of an affidavit is clearly in direct conflict with the express provision of Civ.R. 11 that, "[e]xcept when otherwise specifically provided by these rules, pleadings need not be verified or accompanied by affidavit." Since the conflict involves the form and content of the complaint to initiate a medical malpractice case, it is a procedural matter and, therefore, Civ.R. 11 prevails over the statute, R.C. 2307.42.

Accordingly, we find that the requirements of R.C. 2307.42 are invalid and of no force and effect, and the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS and RESNICK, JJ., concur.

WRIGHT and PFEIFER, JJ., dissent.