HOBBS, Appellant,

v.

LOPEZ et al., Appellees.

[Cite as *Hobbs v. Lopez* (1994), 96 Ohio App.3d 670.]

Court of Appeals of Ohio,
Scioto County.

No. 92 CA 2070.

Decided June 30, 1994.

*De Libera, Lyons, Moore & Colley* and *W. Jeffrey Moore,* for appellant.
*Roetzel & Andress* and *Michael Romanello,* for appellees.

GREY, Judge.

This is an appeal from a judgment of the Scioto County Common Pleas Court. The court dismissed Joni Hobbs's medical malpractice and invasion of privacy complaint against Drs. Lopez and Pettit. We affirm in part and reverse in part.

On June 7, 1990, Joni Hobbs, age twenty-one, consulted Lopez, an employee of the George P. Pettit, M.D. Corporation, concerning a medical problem she had. After an examination and a series of tests, it was determined that Hobbs was pregnant. Lopez discussed the different medical procedures available for pregnancy, including the possibility of an abortion of the fetus.

Following the consultation, Lopez instructed one of the employees of the corporation, his nurse, whom Hobbs named in her complaint as Jane Doe, to call Hobbs to find out what course of treatment she had decided to follow. The nurse called Hobbs's parents' home and told her mother that Hobbs was pregnant and had sought medical advice about an abortion. Hobbs's mother was angered and upset about the news of the pregnancy, and told Hobbs of her family's extreme displeasure about the pregnancy and her contemplation of an abortion. As a result of the nurse's disclosure of the pregnancy to her family, Hobbs claimed she suffered extreme humiliation, mental and emotional injury, and the loss of companionship, affection, counsel and society of her parents and family.

Hobbs filed a complaint against Lopez, George P. Pettit, M.D., Inc. and Jane Doe, nurse, on October 18, 1991. The complaint alleged causes of action for medical malpractice, invasion of privacy and breach of privilege, intentional infliction of emotional distress, negligent infliction of emotional distress and breach of contract. The complaint also asserted that Jane Doe, nurse, acted as an agent of Lopez and Pettit's corporation. Hobbs did not, however, attach an affidavit to her complaint as required by R.C. 2307.42(C)(3). Hobbs obtained service on both Lopez and George P. Pettit, M.D., Inc. She did not obtain service of the complaint on Jane Doe, nurse, nor did she ever assert a claim against that nurse in her true identity.

After Hobbs filed her complaint the following happened in chronological order:

December 5, 1991: Lopez and Corporation answer, asserting the trial court's lack of subject matter jurisdiction and Hobbs's failure to state a claim upon which relief could be granted pursuant to Civ.R. 12(B)(6).

January 9, 1992: Lopez and Corporation file a motion to dismiss on jurisdictional and Civ.R. 12(B)(6) grounds.

February 10, 1992: Hobbs files a memo contra motion to dismiss and a motion for leave to amend her October 18, 1991 complaint.

April 24, 1992: Conference with Judge Burton re defendants' motions.

April 30, 1992: Trial court dismisses Hobbs's complaint as against Lopez and the Corporation—claims 3, 4, 5, 6 and 9 on the grounds that the court lacked subject matter jurisdiction and claims 1, 2, 7 and 8 on the grounds that Hobbs failed to state a claim upon which relief could be granted. Since Doe was not served, she was not a party to the action.

May 22, 1992: Trial court denies Hobbs's motion for leave to amend.

May 26, 1992: Hobbs appeals.

Hobbs assigns three errors.

FIRST ASSIGNMENT OF ERROR

"The trial court erred in dismissing the first, second, seventh and eighth claims of the Appellant/Plaintiff's complaint upon the grounds that the allegations failed to state a claim on which relief can be granted."

Hobbs's first claim is a claim of breach of privilege. Her second claim is one of unlawful invasion of privacy. Hobbs's seventh cause of action is one for intentional infliction of emotional distress and her eighth cause of action is for negligent infliction of emotional distress.

In her first claim, Hobbs asserts that the physician-patient privilege extended to Jane Doe, nurse, since she acted as an agent for Lopez. She further asserts that such an agency relationship would impose upon Doe the same privilege and confidentiality requirements, making Lopez and the Pettit Corporation liable for the acts of Jane Doe, nurse. We agree.

The purpose of any privileged communication, whether between doctor and patient or attorney and client, is to ensure that the patient or the client may reveal necessary information about his health or care without fear of such information reaching the wrong people. See, generally, R.C. 2317.02. In *State v. Post* (1987), 32 Ohio St.3d 380, 513 N.E.2d 754, the Ohio Supreme Court extended the attorney-client privilege to communications through persons acting as the attorney's agent. Applying the holding in *Post* to a situation where a physician-patient privilege existed, one would conclude that the privilege applied as well to a nurse acting as an agent for a doctor. *State v. Cherukuri* (1992), 79 Ohio App.3d 228, 607 N.E.2d 56.

The relationship of principal and agent or master and servant exists when one party exercises the right of control over the actions of another, and those actions are directed toward the attainment of an objective which the former seeks. See *Hanson v. Kynast* (1986), 24 Ohio St.3d 171, 24 OBR 403, 494 N.E.2d 1091. When Lopez instructed Jane Doe, nurse, to call Hobbs about her condition and treatment, Doe did so as part of the master-servant relationship that existed between Lopez and herself. She had no discretion as far as making the call and

was acting under Lopez's direction. As such she was bound by the same obligation as Lopez to keep Hobbs's pregnancy in confidence. The disclosure of Hobbs's pregnancy to her mother by Doe breached that obligation and that breach may be imputed to her employer, Lopez.

We find that Hobbs stated a claim upon which relief could be granted for her claim of breach of privilege and the trial court erred in dismissing that claim.

■ We turn now to Hobbs's claim of unlawful invasion of privacy. Hobbs claims that the information of her pregnancy was publicly disclosed, causing her embarrassment and emotional distress. The standard to succeed on a claim of invasion of privacy was set out by the Tenth District Court of Appeals in *Killilea v. Sears, Roebuck & Co.* (1985), 27 Ohio App.3d 163, 27 OBR 196, 499 N.E.2d 1291. The court's holding, reflected in its syllabus, stated:

"In order for a plaintiff to state a claim for which relief can be granted under the 'publicity' tort of invasion of privacy: (1) there must be publicity, *i.e.*, the disclosure must be of a public nature, not private; (2) the facts disclosed must be those concerning the private life of the individual, not his public life; (3) the matter publicized must be one which would be highly offensive and objectionable to a reasonable person of ordinary sensibilities; (4) the publication must have been made intentionally, not negligently; and (5) the matter publicized must not be a legitimate concern to the public."

The *Killilea* court defined "publicity" as "communicating the matter to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge * * *." Here, although Lopez, through Doe, revealed Hobbs's condition to Hobbs's mother, the information was not disclosed to the public at large. Hobbs is unable to meet the standard set forth in *Killilea, supra,* to succeed on her claim of invasion of privacy.

■ Hobbs also claims intentional and negligent infliction of emotional distress as a result of Doe's disclosure of Hobbs's pregnancy. Ohio recognizes an action for the intentional infliction of emotional distress. See *Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369, 6 OBR 421, 453 N.E.2d 666; *Reamsnyder v. Jaskolski* (1984), 10 Ohio St.3d 150, 10 OBR 485, 462 N.E.2d 392. In *Yeager,* the court sets out the standard for the intentional infliction of serious emotional distress as:

"One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm."

We find that Doe's violation of the doctor-patient confidence rises to the level of outrageous conduct sufficient to find intentional infliction of emotional distress, at least for Civ.R. 12(B) purposes. Although Doe was never served and was not a party to the action, there is an allegation she was acting upon Lopez's orders. Her conduct may be imputed to Lopez and the Pettit Corporation.

Ohio also recognizes an action for negligent infliction of emotional distress, *Paugh v. Hanks* (1983), 6 Ohio St.3d 72, 6 OBR 114, 451 N.E.2d 759; *Schultz v. Barberton Glass Co.* (1983), 4 Ohio St.3d 131, 4 OBR 376, 447 N.E.2d 109, but only in limited circumstances, *High v. Howard* (1992), 64 Ohio St.3d 82, 592 N.E.2d 818. Our review of the complaint indicates that it does not state facts sufficient to establish a claim for negligent infliction of emotional distress.

Hobbs's first assignment of error relating to her first and eighth claims is well taken and sustained. Hobbs's first assignment of error relating to her second and seventh claim is not well taken and is overruled.

SECOND ASSIGNMENT OF ERROR

"The trial court erred in dismissing the Appellant/Plaintiff's complaint as to Jane Doe nurse when such a Motion was not before the court, the court did not notify the parties it was doing so on its own Motion, and the complaint stated valid causes of action against said nurse."

When Hobbs filed her complaint, she did not know the true name of the nurse who disclosed the information of her pregnancy to Hobbs's mother and the nurse was identified only as Jane Doe. Shortly after the complaint was filed, Lopez and Pettit filed a motion to dismiss. From the record, it appears that no motion to dismiss was filed on behalf of Doe, or that any discovery was begun. In ruling on the Lopez and Pettit motion to dismiss, the court ordered that the entire case be dismissed. Appellee argues that this is not error because Hobbs never amended her complaint to include the true identity of Jane Doe, nurse. Appellee argues that Hobbs's action against Jane Doe was never commenced because Jane Doe was never personally served with the complaint, never answered and never appeared. Civ.R. 15(D) permits amendments to name a defendant by his true name once that true identity is discovered. Implicit in that rule is that a party will have adequate opportunity, through discovery or otherwise, to learn the true identity.

When an action is commenced under Civ.R. 3(A) with an unidentified party, the plaintiff has one year to obtain service. Here, the action was filed on October 18, 1991. Before the year had passed, without any opportunity to learn the identity

through discovery, and without notice to the plaintiff, the court dismissed as to Jane Doe. Clearly this was error. Hobbs's second assignment of error is well taken and is sustained.

## THIRD ASSIGNMENT OF ERROR

"The trial court erred in failing to grant Appellant/Plaintiff's Motion for Leave to Amend her Complaint."

The trial court, in its entry, dismissed the third, fourth, fifth, sixth, and ninth claims for relief on the grounds of failure to comply with R.C. 2307.42 by failing to support her claim by affidavit. This court had previously held that statute and affidavit requirement to be unconstitutional, and although we regret the delay caused to the parties, we have held off deciding this case until we had a definitive ruling from the Supreme Court of Ohio on that issue.

The Ohio Supreme Court recently resolved this question in *Hiatt v. S. Health Facilities, Inc.* (1994), 68 Ohio St.3d 236, 626 N.E.2d 71. In *Hiatt*, the Supreme Court held that "the Ohio Rules of Civil Procedure, which were promulgated by the Supreme Court pursuant to Section 5(B), Article IV of the Ohio Constitution, must control over subsequently enacted statutes purporting to govern procedural matters." *Id.* at 237, 626 N.E.2d at 72 (citing *Rockey v. 84 Lumber Co.* [1993], 66 Ohio St.3d 221, 611 N.E.2d 789, paragraph two of the syllabus). See, also, *Hodge v. Cheek* (1989), 64 Ohio App.3d 296, 581 N.E.2d 581. The Supreme Court went on to find that where the pleading requirements of a statute are in conflict with the rules of civil procedure on a procedural matter, such statute is invalid. *Id.*

Thus, on the authority of *Hiatt, supra*, Hobbs's third assignment of error is found to be well taken and is sustained.

Based on the foregoing, the judgment of the trial court as it relates to the dismissal of the second and seventh claims for relief is affirmed, and as it relates to all other claims is reversed. This cause is remanded to the trial court for further proceedings.

*Judgment accordingly.*

PETER B. ABELE, J., concurs.

HARSHA, Presiding Judge, concurring separately.

In order for a court to dismiss a complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted, it must appear beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *York v. Ohio State Highway Patrol* (1991), 60 Ohio St.3d 143, 144, 573 N.E.2d 1063, 1064, citing *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 245, 71 O.O.2d 223, 224, 327 N.E.2d 753, 754. In construing a complaint upon a motion to dismiss for failure to state a claim, the court must presume all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party. *York, supra.* In resolving a Civ.R. 12(B)(6) motion, a court is confined to the averments set forth in the complaint. See, *e.g., State ex rel. Alford v. Willoughby Civil Serv. Comm.* (1979), 58 Ohio St.2d 221, 223, 12 O.O.3d 229, 230, 390 N.E.2d 782, 784. Appellate review of a ruling on such a motion presents a question of law which we determine independently of the trial court's decision. Accordingly, I concur in judgment and opinion with the principal opinion's resolution of the first assignment of error.

I also concur in the principal opinion's resolution regarding the seventh and eighth causes of action, intentional infliction of emotional distress and negligent infliction of emotional distress, respectively. Ohio courts have limited recovery for negligent infliction of emotional distress to situations where the plaintiff was a bystander to an accident or was in fear of physical danger to herself or another. *High v. Howard* (1992), 64 Ohio St.3d 82, 85, 592 N.E.2d 818, 820; *King v. Bogner* (1993), 88 Ohio App.3d 564, 569, 624 N.E.2d 364, 367. Appellant's claim does not arise out of such circumstances; therefore the trial court properly granted the motion to dismiss Count Eight for failure to state a claim upon which relief could be granted. *Strawser v. Wright* (1992), 80 Ohio App.3d 751, 754, 610 N.E.2d 610, 612.

I further concur in the judgment and opinion sustaining appellant's second assignment of error, but concur in judgment only sustaining appellant's third assignment of error.