67 F.3d 299
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dr. Gary L. GREENHALGH, Plaintiff-Appellant,
v.
Terry CASEY and Franklin County Board of Elections,
Defendants-Appellees.
 No. 94-3824.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1995.
 
 Before: MILBURN, GUY and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Dr. Gary Greenhalgh appeals the district court's grant of summary judgment in favor of defendants on plaintiff's claim of slander under Ohio law. For the reasons that follow, we AFFIRM.
 
 I.
 
 2
 Plaintiff is employed by Microvote Corporation. Microvote filed an action against the Franklin County Board of Commissioners in state court. Casey was Chairman of the Franklin County Board of Elections. Prior to Microvote's decision to dismiss the action, extensive discovery was conducted.[1] Plaintiff was deposed in the state court action. Plaintiff also filed a signed (but unsworn) affidavit in the state court suit, in which he stated that he "served as a member of the Federal Elections Commission by appointment of the President of the United States."[2] (J.A. at 60.)
 
 
 3
 It was during plaintiff's deposition in the state court action that Casey, an observer at the deposition, allegedly slandered plaintiff by calling him a "lying asshole." Also during plaintiff's deposition, plaintiff was questioned about the contents of his earlier affidavit. Plaintiff admitted that he was never a Commissioner. He did not consider his prior statement to be a lie because he claims that his statement meant that as a staff employee, he was a "member" of the professional staff of the Federal Election Commission.
 
 
 4
 Plaintiff filed a diversity action in federal court, in which plaintiff alleged that he was slandered during his deposition because Casey called plaintiff a "lying asshole." In support of their motion for summary judgment in this case, defendants submitted an affidavit of Davis S. Orr, the Personnel Director for the Federal Elections Commission. Orr stated that plaintiff never served as a member of the Commission and was never appointed to any position on the Commission by the President. (J.A. at 81, Orr Aff. at p 2.) Orr explained that plaintiffs was an assistant staff director of one of the divisions. (Id. at p 3.) The district court granted defendants' motion for summary judgment in a July 6, 1994 Memorandum Opinion and Order.
 
 II.
 
 5
 Initially, we note that the amount in controversy alleged in plaintiff's complaint satisfies the statutory jurisdictional amount. Clark v. Paul Gray, Inc., 306 U.S. 583 (1939). Plaintiff sought $2,500,000 in exemplary and punitive damages for the allegedly slanderous statements uttered during plaintiff's deposition. Punitive damages are recoverable under Ohio law. See, e.g., Gray v. Allison Div., Gen. Motors Corp., 370 N.E.2d 747 (Ohio Ct.App.1977). Because it does not appear to a legal certainty that the amount in controversy was less than the $50,000, exclusive of interest and costs, at the time the complaint was filed, jurisdiction is proper. Jones v. Knox Exploration Corp., 2 F.3d 181, 182 (6th Cir.1993).
 
 
 6
 We review a grant of summary judgment de novo, using the same test applied by the district court. Tate v. Boeing Helicopters, 55 F.3d 1150, 1153 (6th Cir.1995). We do not weigh the evidence, but determine whether there is a genuine issue for trial, viewing the record as a whole and viewing all the facts in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 578 (1986). Rule 56 mandates the entry of summary judgment if all the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Summary judgment is appropriate if the evidence favoring the nonmoving party is merely colorable or is not significantly probative. City Management Corp. v. United States Chem. Co., 43 F.3d 244, 254 (6th Cir.1994).
 
 
 7
 Truth is an absolute defense to a charge of slander; if the statement is true, no action lies, regardless of whether the statement is of a defamatory nature. Ohio Rev.Code Ann. Sec. 2739.02 (Baldwin 1995); Kilroy v. Lebanon Correctional Inst., 575 N.E.2d 903, 906 (Ohio Ct.Cl.1991). The district court, recognizing that truth is a complete defense to a charge of slander, examined whether plaintiff "[c]ould ... have been accurately described as lying at the time of his deposition?" (J.A. at 27.) The district court consulted with Webster's dictionary. Lying is defined as "given to a falsehood." Webster's Third New International Dictionary, 1350 (3d ed. 1986). "Falsehood," in turn, means the "absence of truth or accuracy." Id. at 819. The district court found that the record reflected that plaintiff's statements in his signed affidavit lacked accuracy, and that plaintiff "admitted as much in his deposition." (J.A. at 27.) Accordingly, the district court found that "because of that affidavit, Casey could have properly described Greenhalgh as given to falsehood--lying--at the time of his deposition." (J.A. at 27-28.)
 
 
 8
 Plaintiff contends that Casey's statement was not made during the election commission issue, and thus Casey was calling plaintiff a "lying asshole" for a different reason. Plaintiff's contention is without merit. We agree with the district court that based on plaintiff's affidavit, the absolute defense of truth applies in this case. It is alleged that Casey called plaintiff, in general, a "lying asshole" without specifically referencing the specific reason why he believed that plaintiff was a "lying asshole." Thus, we find irrelevant plaintiff's complaint that the statement was made at some point other than during the election commission questioning.
 
 
 9
 The district court also ruled that being called an "asshole" was not actionable because the term was merely "rhetorical hyperbole" which could not be interpreted reasonably to state an actual fact. While the term may be considered crude or uncouth, it cannot be considered slanderous.[3] Moreover, an action for slander does not contemplate compensation for wounded feelings alone; rather, an action lies only when one's reputation is injured or impaired. As a matter of law, referring to plaintiff as an "asshole" is not actionable; it simply is, as the district court concluded, "rhetorical hyperbole." We also agree with the district court's conclusion that "lying asshole" cannot be referring to an actual fact, based on plaintiff's own characterization of the phrase--"[T]hat the Plaintiff's anus was making untruthful statements." (J.A. at 16, Amended Complaint, p 20.)
 
 III.
 
 10
 For the above stated reasons, we AFFIRM the district court's July 6, 1994 Memorandum Opinion and Order granting defendants' motion for summary judgment.
 
 
 
 [1]
 Microvote dismissed the lawsuit on April 8, 1992
 
 
 [2]
 At his deposition, plaintiff testified that he personally prepared the contents of his affidavit and reviewed the contents of it before he signed it and it was filed with the court
 
 
 [3]
 In order to be slanderous per se, a term must (1) import a charge of an indictable offense involving moral turpitude which subjects the person to criminal punishment, (2) impute some offensive or contagious disease, (3) tend to injure one in his trade, occupation, or profession or (4) impugn the chastity of a woman. King v. Bogner, 624 N.E.2d 364, 366 (Ohio Ct.App.1993)