OPINION
Darlene Cornelius appeals from a determination by the Darke County Court of Common Pleas that it had jurisdiction to grant her a divorce from Richard Cornelius, but lacked personal jurisdiction over Mr. Cornelius, thus preventing its entering any "monetary orders" against him. Mrs. Cornelius assigns as error this determination. We affirm.
The pertinent facts are straightforward and undisputed. Mrs. Cornelius filed a complaint for divorce March 10, 1999, together with a motion for temporary spousal support. An ex parte order for temporary spousal support was entered the same date. Mr. Cornelius was served in Sarasota, Florida, March 23, by certified mail. On April 23, 1999, Mr. Cornelius moved to dismiss "for lack of jurisdiction to (sic) Defendant in personam and in rem and to cease ex parte order." Mr. Cornelius conceded that the trial court had subject matter jurisdiction to grant Mrs. Cornelius a divorce due to her having lived in Ohio for over six months. He contended, however, that the trial court lacked personal jurisdiction over him to enter support orders or orders affecting his interests in Florida. Essentially, he argued that he lacked "minimum contacts" with Ohio sufficient to allow an Ohio court to exercise personal jurisdiction over him consistent with Due Process. See International Shoe Co. v. Washington (1945),326 U.S. 310. He supported his motion with an affidavit as follows:
STATE OF FLORIDA
COUNTY OF MANATEE
 1. This Affidavit is prepared for the limited purpose of challenging the exercise of jurisdiction by the Darke County Court of Common Pleas of Greenville, Ohio, over the person of the Affiant, who does not consent to the jurisdiction of the Court.
 2. The Affiant and DARLENE J. CORNELIUS were married in Sarasota, Florida, on July 3, 1996.
 3. DARLENE J. CORNELIUS separated from the Affiant in Florida in May 1998.
 4. Since the marriage of the parties, the Affiant has not resided in the State of Ohio.
 5. Although the Affiant has not visited DARLENE J. CORNELIUS in the State of Ohio since her separation from him in May 1998, she has visited him in Florida since that time.
 6. Since May 1998 when DARLENE J. CORNELIUS separated from me, I have not been in the State of Ohio.
 7. I own no property in the State of Ohio except any assets that DARLENE J. CORNELIUS may have taken with her when she want (sic) to Ohio.
 8. I have no real estate interests in the State of Ohio.
Mrs. Cornelius opposed the motion, and submitted an affidavit as follows:
 1. I am the Plaintiff in the above referenced matter.
 2. The Defendant and I were married on June 13, 1996 at Sarasota, Florida.
 3. During the course of our marriage, we travelled to several other states, including Ohio.
 4. In May, 1998, we attended together, a grandson's graduation from Tri-Village High School, in Darke County, Ohio.
 5. I moved out of the mutual home on July 22, 1998, not before.
 6. I have no property of Defendant, but Defendant is willfully and wrongfully retaining control of property of mine.
 7. I have not "visited" Defendant in Florida since our separation. I did have conversation with Defendant, in Georgia, in December, 1998.
On May 14, 1999, the trial court entered a judgment wherein it determined it had subject matter jurisdiction to grant a divorce, but lacked personal jurisdiction over Mr. Cornelius to enter "monetary orders, such as the ex parte spousal support order of March 10, 1999." It vacated the spousal support order abinitio, ordering Mrs. Cornelius to return any spousal support she had received.
On appeal, Mrs. Cornelius first argues that her marriage is a "partnership" within the meaning of R.C. 2307.381, thus making Mr. Cornelius, a nonresident of Ohio, subject to the personal jurisdiction of the Ohio trial court pursuant to R.C. 2307.382(A), the long-arm statute. This argument was not advanced in the trial court, and for that reason it need not be considered here. Were we to consider this argument, we would reject it. That is because Civ.R. 4.3(A)(8) specifically addresses long-arm jurisdiction in the context of domestic relations:
 Service of process may be made outside of this state, as provided in this rule, in any action in this state, upon a person who, at the time of service of process, is a nonresident of this state or is a resident of this state who is absent from this state. "Person" includes an individual, his executor, administrator, or other personal representative, or a corporation, partnership, association, or any other legal or commercial entity, who, acting directly or by an agent, has caused an event to occur out of which the claim that is the subject of the complaint arose, from the person's:
* * *
 (8) Living in the marital relationship within this state notwithstanding subsequent departure from this state, as to all obligations arising for spousal support, custody, child support, or property settlement, if the other party to the marital relationship continues to reside in this state;
Because Civ.R. 4.3(A)(8) specifically addresses when service may be had on a nonresident of Ohio in a domestic relations case, we reject what we believe is a strained interpretation of R.C.2307.381.
Furthermore, there appears to be no doubt that Civ.R. 4.3(A) has itself assumed the status of a long-arm statute. The Supreme Court of Ohio discussed the interplay of R.C. 2307.382(A) and Civ.R. 4.3(A) in Fraiberg v. Cuyahoga Cty. Court of Common Pleas,Domestic Relations Div. (1996), 76 Ohio St.3d 374 at 376-7.
 The long-arm jurisdictional provisions of R.C. 2307.382(A) and Civ.R. 4.3(A) "`are consistent and in fact complement each other.'" U.S. Sprint Communications Co., Ltd. Partnership v. Mr. K's Foods, Inc. (1994), 68 Ohio St.3d 181, 184, 624 N.E.2d 1048, 1051, fn. 2, quoting Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc. (1990), 53 Ohio St.3d 73, 75, 559 N.E.2d 477, 479. In U.S. Sprint
and Kentucky Oaks, the pertinent long-arm provisions were contained in both the statute and rule. Conversely, this case involves Civ.R. 4.3(A)(8), the only long-arm provision which has no counterpart in R.C. 2307.382(A). See 1 Klein, Browne Murtaugh, Baldwin's Ohio Civil Practice (Supp. 1996) 17, Section T 3.02(C). Based on U.S. Sprint and Kentucky Oaks, Civ.R. 4.3(A)(8) complements and, in fact, supplements the statute.
 In addition, to the extent that R.C. 2307.382(A) and Civ.R. 4.3(A) conflict, Civ.R. 4.3(A) controls. See Section 5(B), Article IV, Ohio Constitution ("The supreme court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right. * * * All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."); Kilbreath v. Rudy (1968), 16 Ohio St.2d 70, 72, 45 O.O.2d 370, 371, 242 N.E.2d 658, 660 (R.C. 2307.382 clearly procedural rather than substantive); Hiatt v. S. Health Facilities, Inc. (1994), 68 Ohio St.3d 236, 626 N.E.2d 71 (Ohio Rules of Civil Procedure, promulgated pursuant to Section 5(B), Article IV of the Ohio Constitution, control over conflicting statutes purporting to govern procedural matters); but, see, Kentucky Oaks, 53 Ohio St.3d at 75, 559 N.E.2d at 479. A majority of treatises addressing this issue agree. See 4 Harper Solimine, Anderson's Ohio Civil Practice (Supp. 1995) 41, Section 150.29 ("When Civil Rule 4.3[A] became effective on July 1, 1970, it arguably superseded the then-existing long arm statutes pursuant to the Ohio Constitution."); 1 Fink, Wilson Greenbaum, Ohio Rules of Civil Procedure (1992) 71, Section 4.3-1 ("Rule 4.3[A] states the terms upon which service to out-of-state parties is permitted and is substantially equivalent to Ohio's former long-arm statute, O.R.C. 
2307.382, which was superseded by the promulgation of Rule 4.3[A]."); Klein, Browne Murtaugh, supra (1988), at 29, Section T 3.02(C) ("[I]t is fair to conclude * * * that R.C. 2307.381 and 2307.382 have been superseded by the Civil Rules and the only viable Ohio long-arm provision is that provided in Civil Rule 4.3[A].").
Mrs. Cornelius next argues that her situation is within the purview of Civ.R. 4.3(A)(8), i.e., that the parties' May, 1998 visit to Ohio for a high school graduation was "living in the marital relationship within this state." The trial court was not favored with this argument, but concluded that this visit was not enough, without more, to establish "minimum contacts" with Ohio. We agree with the trial court as well as concluding that more than a visit to Ohio to attend a high school graduation is necessary to satisfy Civ.R. 4.3(A)(8). Indeed, Civ.R. 4.3(A)(8) embodies the "minimum-contacts requirement of due process" and "the dispositive issue in determining the propriety of personal jurisdiction is whether the nonresident defendant lived in a marital relationship within the state to an extent sufficient to satisfy the minimum-contacts requirement of constitutional due process."Fraiberg, 377-8; emphasis ours.
Finding no error, the assignment of error is overruled.
The judgment will be affirmed.
FAIN, J. and YOUNG, J., concur.
Copies mailed to:
Eric H. Brand, James R. Kirkland, Hon. Jonathan P. Hein.